(39 Misc. Rep. 275.)

## In re STEWART.

(Supreme Court, Special Term, New York County. November, 1902.)

1. FOREIGN CORPORATION—DISSOLUTION—SUPPLEMENTARY PROCEEDINGS.

Where, pending an action against a foreign corporation, which has been duly dissolved in the state of its incorporation, it ceases to exist, plaintiff in such action cannot take supplementary proceedings on a judgment subsequently recovered against it in the state, and examine a third party as to property alleged to be in such party's hands.

2. SAME—JUDGMENT—COLLATERAL ATTACK.

Though, in supplementary proceedings against a foreign corporation, which has been dissolved, the judgment cannot be collaterally attacked, it may be shown that it was obtained after the dissolution of the corporation, and was therefore void.

In the matter of the application of Gertrude M. Stewart, a judgment creditor, for the examination of the Mutual Reserve Life Insurance Company. Motion by the company to vacate the order for .its examination granted.

Pavey & Moore, for judgment creditor.
George L. Burnham, for Mutual Reserve Life Insurance Co.

SCOTT, J. This is a motion by a third party to vacate an order for its examination upon a judgment recovered against the Northwestern Life Assurance Company. Gertrude M. Stewart, the judgment creditor, commenced an action in this court on June 3, 1899, against the Northwestern Life Assurance Company, a corporation organized under the laws of the state of Illinois as an insurance company on the assessment or co-operative plan. The defendant appeared and answered, but when the cause was reached for trial defaulted, and a judgment was entered on June 3, 1902, for the sum of $3,282.50. The motion to vacate the third-party order is urged upon several grounds, only one of which it is necessary to discuss. That ground is that the judgment upon which the order is based was and is void. It is obvious that, in order to justify any proceedings supplementary to execution, there must be a judgment to furnish a basis for the proceedings. Where, as in the present case, there appears to be a judgment regularly entered after appearance or personal service, the third party sought to be examined will not ordinarily be heard to attack the judgment collaterally for any irregularity, or even upon the ground that jurisdiction was not properly obtained. Such objection must, as a rule, be taken, if taken at all, by the judgment debtor. Bucki v. Bucki, 26 Misc. Rep. 69, 56 N. Y. Supp. 439; Wetmore v. Wetmore, 149 N. Y. 521, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. In the present case, as will be shown, there is no judgment debtor to attack the judgment, and there was no defendant when the judgment was rendered. While the regularity of the judgment cannot be attacked collaterally upon a proceeding of this nature, it may be shown that the judgment upon which the proceeding rests is, and was when rendered, void, and therefore no judgment at all. Griffin v. Dominguez, 2 Duer, 656. Thus, if it should appear that a defendant had died before judgment, and that, notwithstanding his death, a judgment had been entered against him, such judgment would be absolutely void (Code Civ. Proc. § 765), and no proceeding like the present could be based upon it. In such a case it cannot be doubted that a third party sought to be examined could raise the objection that the judgment was void, and hence that the proceeding could not be maintained. As has been said, the Northwestern Life Assurance Company was an Illinois corporation, subject to the laws of that state and to the jurisdiction of its courts. It is well settled that policy holders and claimants under policies issued by a life insurance company, whether residents of the state in which the company is incorporated or of a foreign state, are presumed to know the terms of the company's charter and the laws regulating its existence, and are bound there-

by, for every corporation necessarily carries its charter wherever it goes for the transaction of business. Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337; Fry v. Insurance Co. (C. C.) 31 Fed. 197. It appears that an action was brought against the Northwestern Life Assurance Company in the superior court of Cook county, Ill., by the superintendent of insurance of the state of Illinois, praying for the dissolution of the Northwestern Company, and on January 18, 1901, a decree was entered in that action whereby, among other things, it was decreed that the said company be, and the same thereby was, dissolved. Thereafter such proceedings were had that on August 29, 1901, a decree was entered whereby the receiver appointed in the action was discharged, and the proceedings brought for the purpose of dissolving and winding up the company were brought to a final conclusion. It thus appears that the dissolution of the company was effected after the commencement of the action in this court by the applicant, Stewart, and before the rendition of the judgment upon which this proceeding is founded. That the decrees of the superior court of Cook county are conclusive here cannot be questioned, unless it be made to appear either that the court in which they were rendered had no jurisdiction to pronounce them, or that they were entered by fraud. Lazier v. Westcott, 26 N. Y. 146, 82 Am. Dec. 404; Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132; Hunt v. Hunt, 72 N. Y. 223, 28 Am. Rep. 129; Gas Co. v. Wheelock, 80 N. Y. 278. It is not suggested that the superior court of Cook county had not jurisdiction under the laws of Illinois to entertain the action for the dissolution of the Northwestern Company, and to enter a decree dissolving it. Nor is it alleged that the decree dissolving the company was procured to be entered by fraud, or tainted in any way by fraud, although one of the counsel for the applicant avers that he believes that there was fraud in certain proceedings which preceded the action by the state commissioner of insurance; but even these averments are not supported by any statement of facts to justify the belief expressed. I therefore deem it to be established that the Northwestern Life Assurance Company was dissolved and ceased to exist prior to the entry of the judgment which furnishes the basis for this proceeding. The effect of such a dissolution seems to be well settled. It is said by Mr. Morawetz (section 1031) that:

"The dissolution of a corporation at common law, not only means that the company has lost its franchises and can no longer act in a corporate capacity, but it implies that the corporation has wholly ceased to exist in legal contemplation, and will not be recognized as a corporate body for any purpose. It follows that suits brought by or against a corporation are abated by its dissolution, and a judgment purporting to be rendered against a corporation which is not in existence is a nullity."

The supreme court of the United States, speaking of a corporation against which a decree of dissolution has been entered, said:

"Its existence as a legal entity was thereupon ended. It was then a defunct institution, and judgment could no more be rendered against it in a suit previously commenced than judgment could be entered against a dead man dying pendente lite."

The same rule has repeatedly been applied by the courts of this state. McCulloch v. Norwood, 58 N. Y. 562; People v. Insurance Co., 106 N. Y. 619, 13 N. E. 447; Rodgers v. Insurance Co., 87 Hun, 384, 34 N. Y. Supp. 323. The conclusion to which I am inevitably led is that the judgment entered by the applicant, Gertrude M. Stewart, against the Northwestern Life Assurance Company in this court on June 3, 1902, was a nullity, and absolutely void, and consequently that it cannot afford a basis for this proceeding. The motion to vacate the order for the examination of the Mutual Reserve Life Insurance Company must, therefore, be granted, with $10 costs.

Motion granted, with $10 costs.