(40 Misc. Rep. 32.)

In re STEWART.

(Supreme Court, Special Term, New York County. February, 1903.)

1. ASSESSMENT INSURANCE COMPANIES—INSOLVENCY—DISSOLUTION.

Laws Ill. 1893, p. 117, relating to the incorporation of life or accident insurance companies doing business on the assessment plan, and authorizing dissolution for insolvency, but making no provision that such a corporation might, after dissolution, be continued long enough to wind up its affairs, repealed Rev. St. 1874, c. 73, relating to the dissolution of insurance companies, and providing (section 4) that such a company might be continued for two years for such purpose after dissolution.

2. SAME—SUPPLEMENTARY PROCEEDINGS.

Where an Illinois assessment life insurance company was reincorporated under Laws Ill. 1893, p. 117, being an act relating to the incorporation of assessment insurance companies, and a creditor thereof recovered judgment against it in New York after it had been dissolved, she could not take supplementary proceedings upon the judgment, and examine a third party as to property of the corporation, it having, under such act, been dissolved on insolvency, and having no corporate existence.

Motion for reargument. Denied.

For former opinion, see 79 N. Y. Supp. 525.

SCOTT, J. This is a motion for the reargument of a motion heretofore granted vacating an order for the examination, in proceedings supplemental to execution, of the Mutual Reserve Life Insurance Company, alleged to be the debtor of the Northwestern Life Assurance Company, against which the petitioner claimed to have recovered a judgment in this court. The order for the examination of the third party was vacated upon the ground that the Northwestern Life Assurance Company, an Illinois corporation, had been dissolved by a decree of the superior court of Cook county, Ill., prior to the pretended recovery of the judgment against it by the petitioner, and that the corporation had thereby ceased to exist, so that no valid judgment could be rendered against it. Hence it was considered that the alleged judgment, which formed the basis of the order for the examination of the third party, was utterly null and void for every purpose, and consequently that no valid order in proceedings supplementary to execution could be founded upon it. 39 Misc. Rep. 275, 79 N. Y. Supp. 525. The petitioner now moves for a reconsideration of the motion to vacate the third party order upon the ground that, although, by a decree of the superior court of Cook county, Ill., the Northwestern Life Assurance Company was decreed to be dissolved in January, 1901, yet by virtue of a statute of the state of Illinois, not called to the attention of the court on the former motion, the said company was, nevertheless, continued as a body corporate for a term of two years after its dissolution for the purpose of prosecuting and defending suits. The petitioner's alleged judgment against the Northwestern Company was entered within two years after the entry of the decree of dissolution in the Illinois court. Hence it is argued that the company had not then become defunct, so far as concerns its liability to a judgment, and the judgment obtained against it was a valid judgment, and a sufficient basis for proceedings supplementary to execution. If the statute above cited applied to the Northwestern Company,

81 N.Y.S.—14

the argument would be unanswerable. The Northwestern Life Assurance Company was an Illinois corporation, and the effect of a judgment of dissolution entered in a court of that state is to be determined by the laws of the state. The question, then, is whether or not the statute upon which the petitioner relies applied to the Northwestern Company. The statute, now apparently a part of the Revised Statutes of Illinois, was adopted in 1874, and is entitled "An act in relation to the dissolution of insurance companies." Rev. St. 1874, c. 73. The first section of the act provides that, if the Auditor of State (now the insurance superintendent) shall be of opinion that any insurance company is insolvent, or in a condition to render a continuation of its business hazardous to the insured or the public, or that it has failed to comply with the law, he may apply to a circuit court for an injunction to restrain the company from proceeding further with its business. The remainder of the section prescribes the power and duties of the court as to enjoining the further transaction of business, but makes no provision for the appointment of a receiver. The second section provides for a voluntary dissolution of such a corporation, and a decree pronouncing such dissolution; but there is no reference in this section to the appointment of a receiver. The third section declares when charters shall be deemed to be extinct by reason of nonuser, and provides for fixing the time within which such companies shall close their concerns. The fourth section—upon which the petitioner relies—provides as follows:

"Insurance companies whose charters expire by their own limitation, or become forfeited by non-user, or are dissolved by decree of court or otherwise, shall, nevertheless, be continued bodies corporate for the term of two years, after such expiration, forfeiture or dissolution, for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle their concerns, to dispose of and convey their property, and divide their capital stock and assets, but not for the purpose of continuing the business for which they were organized."

The fifth section provides that, when the charter of an insurance company expires, is forfeited, or annulled, or the corporation is restrained from further prosecution of its business, or is dissolved, the court may, at any time before the expiration of said two years, appoint a receiver or receivers. The remainder of the act is taken up in prescribing the power and duties of such receivers. It is to be noted that this is a general act, applicable by its terms to all insurance companies, and that its theory appears to be that dissolved insurance companies are usually to be permitted to wind up their own affairs; the appointment of a receiver not being a necessary adjunct of such a dissolution, but a remedy to be applied after dissolution if found desirable. The Northwestern Life Assurance Company was what is known as an "assessment company." In 1893 the Illinois Legislature passed an act applying especially to such companies, entitled "An act to incorporate companies to do business of life or accident insurance on the assessment plan, and to control such companies of this state and of other states doing business in this state, and to repeal a certain act therein named, and providing and fixing the punishment for violation of the provisions thereof." Laws 1893, p. 117. The Northwest-

ern Company was reincorporated under this act, pursuant to the provisions thereof. The act is extremely specific and comprehensive, and has been declared by the Supreme Court of Illinois to constitute a complete code "for insurance corporations of the character of the Northwestern Company." Lehman v. Clark, 174 Ill. 279, 51 N. E. 222, 43 L. R. A. 648. By the seventh section of the act it is provided that the companies to which it is applicable "shall be subject only to the provisions of this act." By the eighteenth and nineteenth sections of the act provision is made for the dissolution of such companies. Whenever the insurance superintendent becomes satisfied that such a company is insolvent, or has exceeded its powers, or acted contrary to law or fraudulently, he may lay the facts before the Attorney General, who may apply for an order to show cause why the company should not be dissolved, and restrained from continuing to transact business. The company is entitled to be heard, and to a trial by jury, if any fact alleged in the insurance superintendent's report is traversed. If the company be found to be insolvent, the court may render judgment "that it and each officer thereof be perpetually restrained from exercising any corporate rights, privileges or franchise, and that it be dissolved and a receiver be appointed," etc. In my opinion, the provision relating to the dissolution of insurance corporations generally, as contained in the act of 1874, and the provisions relative to the dissolution of assessment companies as contained in the act of 1893, are so inconsistent that they cannot stand together, and consequently that, so far as regards assessment companies, the provisions of the earlier act must be deemed to have been superseded and repealed by the later act. As already pointed out, the act of 1874 contemplated, even in the case of an insolvent corporation, that its affairs might be wound up and its assets distributed by the corporation itself without the interposition of a receiver. In view of such a possibility, it was reasonable, and perhaps even necessary, that, so far as was required to wind up the business and collect and distribute the assets, the corporate existence should be continued. In the case of an assessment company, however, there is no provision which would permit the corporation itself to wind up its affairs. If the court finds the fact of insolvency, and makes a decree, it must be that the company be dissolved, and a receiver be appointed; the appointment of the receiver being a necessary accompaniment to the decree of dissolution. Where the receiver is appointed at once, and the corporation and all its officers restrained from exercising any corporate rights, privileges, or franchise, as is the case when an assessment company becomes insolvent, there is no reason or occasion for extending the corporate existence of the corporation, and consequently there is to be found no provision for such extension in the act of 1893. My conclusion is that the dissolution of the Northwestern Life Assurance Company was regulated and governed by the act of 1893, and that the fourth section of the act of 1874 was inapplicable thereto, and that, since the act of 1893 contained no provision continuing the corporate existence of an assessment company after dissolution, the Northwestern Company became defunct upon the entry of the decree of dissolution. The fact that an attorney who had been retained by the Northwestern Com-

pany before the dissolution undertook to appear for it on the trial of the petitioner's action in this court is of no consequence, and does not make her judgment valid. The dissolution of the corporation clearly revoked the attorney's authority to appear for or bind it. Matter of Norwood, 32 Hun, 196. The motion must be denied, with $10 costs.

Motion denied, with $10 costs.