ELIA TANAS, as Administrator, etc., of WILLIAM DIMITRI, Deceased, Appellant, *v.* MUNICIPAL GAS COMPANY OF THE CITY OF ALBANY, Respondent.

*An action to recover damages for the death of a resident alien is maintainable, although his next of kin are non-resident aliens — a resident, though not a citizen, may be appointed administrator of a decedent.*

An action to recover damages resulting from the death of an alien, who, at the time of his death, was a resident of the State of New York, but a subject of a foreign country, may be maintained under section 1902 of the Code of Civil Procedure, notwithstanding the fact that the only next of kin of the decedent are non-resident aliens.

Under section 2661 of the Code of Civil Procedure, a resident of the State of New York may, although not a citizen of the United States, be appointed administrator of a decedent.

SMITH, J., dissented.

APPEAL by the plaintiff, Elia Tanas, as administrator, etc., of William Dimitri, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 22d day of May, 1903, upon the dismissal of the complaint by direction of the court after a trial at the Albany Trial Term.

*John H. Gleason,* for the appellant.

*Andrew Hamilton, Edgar T. Brackett, Franklin M. Danaher* and *Neile F. Towner,* for the respondent.

HOUGHTON, J. :

The action is for the negligent killing of plaintiff's intestate. The intestate died, as is claimed, from the effects of illuminating gas, which the defendant negligently allowed to escape from its main. At the time of his death he was a resident alien, being a subject of the Sultan of Turkey. His widow and minor child, his only next of kin, are conceded to have been and now are non-resident aliens, being residents of the province of Macedonia, in the Ottoman Empire.

The defendant's motion for a nonsuit was granted on the sole ground that under our statute an action cannot be maintained for

death caused by negligence where the widow and next of kin of the decedent are non-resident aliens.

The correctness of this ruling is the only question urged upon this appeal, and in its discussion we assume that the plaintiff made a question of fact for the jury with respect to the defendant's negligence, and lack of contributory negligence on the part of the deceased.

After a careful consideration of the able briefs of counsel and such independent investigation as we have been able to make, it is our opinion that the trial court erred in granting the nonsuit, and that such an action can be maintained.

The earlier statutes giving such a cause of action were embodied in sections 1902 and 1903 of the Code of Civil Procedure, and neither of these sections, nor any of the acts from which they were compiled, contains any exception with respect to the character or residence of the husband, wife or next of kin of the deceased, and it is conceded that if any exception exists which would exclude non-resident alien next of kin, it must be read into the statute as being within the intent of the Legislature. The language of the statute is : "The executor or administrator of a decedent, who has left him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued." (Code Civ. Proc. § 1902.)

Since the creation of this character of action by the Legislature in 1847 doubtless many cases have passed through the courts where the next of kin of the deceased were non-resident aliens ; but the question does not appear to have been raised and passed upon by any of the courts of our State, and we have, therefore, no direct decision to aid us in our interpretation of the statute. The nearest approach to it that we have been able to find is *Matter of Paola* (36 Misc. Rep. 514), which was an adjudication by a surrogate on an application made for the granting of letters of administration upon the estate of a decedent claimed to have been killed by negligence, where the widow and next of kin resided in Italy. The surrogate granted letters to a next friend of the decedent, for the

purpose of prosecuting the action for the benefit of the non-resident aliens. Even in this case the question was not raised as to whether or not such an action would lie, and the point was only incidentally passed upon by the surrogate in his remarks with respect to granting administration.

The question has, however, been passed upon by several sister States having statutes similar to our own, or if not substantially alike in language, yet having the same object in view. Upon the one side are *Mulhall* v. *Fallon* (176 Mass. 266); *Vetaloro* v. *Perkins* (101 Fed. Rep. [Mass.] 393); *Kellyville Coal Co.* v. *Petraytis* (195 Ill. 215); *Renlund* v. *Commodore Mining Co.* (93 N. W. Rep. [Minn.] 1057); *Augusta Railway Co.* v. *Glover* (92 Ga. 142); *Luke* v. *Calhoun County* (52 Ala. 115), and *Bonthron* v. *Phœnix Light & Fuel Co.* (71 Pac. Rep. [Ariz.] 941), holding that under the statutes of their particular jurisdictions non-resident alien next of kin are not excluded. Upon the other we have *Deni* v. *Pennsylvania R. R. Co.* (181 Penn. St. 525); *McMillan* v. *Spider Lake Sawmill & Lumber Co.* (91 N. W. Rep. [Wis.] 979); *Brannigan* v. *Union Gold Mining Co.* (93 Fed. Rep. [Col.] 164), and *Whitsell* v. *Bunker Hill Mining Co.* (U. S. Cir. Ct. [Idaho] not reported), holding that it was not the intention to grant the benefit of the statute to non-resident alien next of kin.

The authority of the Massachusetts decisions is questioned because, in general, actions for negligent killing in that State are deemed to be mere revivals of the action which the decedent had. This is not the case in the statute giving the next of kin of an employee killed by the negligence of his employer, where death is instantaneous and without conscious suffering, a right of action; but in the decision referred to, in view of the general scheme of the statute, the court deemed the statutes practically alike in that respect.

The Alabama and Illinois cases are criticised as authorities because the statutes under consideration are primarily police and mining regulations.

None of the cases, *pro* or *con*, are binding upon us, but they are instructive and throw such light as they may on the proper interpretation of our own statute.

The act of Parliament (9 & 10 Vict. chap. 93) known as Lord Campbell's Act is the original law from which the statute of our own

State and those of most of the States of the Union were copied. If there were a line of English cases consistently interpreting the act as it might relate to non-resident aliens, while even those decisions would not be binding upon us, they would have very great weight as showing how the statute is understood in the country where it originated. But, unfortunately, there are but two decisions which have been called to our attention bearing upon the subject. The one is *Adam* v. *British & Foreign Steamship Co.* (2 Q. B. Div. [1898] 430), holding that non-resident alien next of kin are not entitled to the benefit of the statute; and the other is *Davidsson* v. *Hill* (2 K. B. [1901] 606), criticizing the former case, and holding that there is no reason for saying that non-resident next of kin are excluded, The two courts so deciding are of equal jurisdiction and authority, and neither are the highest courts of the realm. The *Davidsson* case is criticized because the reasoning of the decision is said to be upon a false basis.

It comes, therefore, that we must give an original interpretation of the act according to its language and our understanding of the intent of the Legislature. In doing this it may be well to look at the policy of the State before and after the passage of the act with respect to aliens.

An alien has the same right to relief in a court of equity, against piracy of his trade mark, as a citizen of the United States. (*Taylor* v. *Carpenter*, 11 Paige, 292; *Lemoine* v. *Gauton*, 2 E. D. Smith, 343.) Aliens may take personal property as next of kin, under the act for the distribution of intestate estates, and our courts are open to them for the enforcement of payment. (*Bradwell* v. *Weeks*, 1 Johns. Ch. 206; *Meakings* v. *Cromwell*, 5 N. Y. 136; *Marx* v. *McGlynn*, 88 id. 376.) A resident alien has the capacity to sue and be sued, and is entitled to the protection and benefits of our laws. (*Clarke* v. *Morey*, 10 Johns. 69.) So, too, if he violates any of our laws redress may be had against him although a non-resident, if process can be served. (*Olcott* v. *Maclean*, 73 N. Y. 223.)

Our courts have had occasion to comment upon the act of 1847 and the embodied sections of the Code, and those decisions throw some light on the character and intent of the statutory provision creating the cause of action.

In *Lang* v. *Houston Street, etc., R. R. Co.* (75 Hun, 152; affd., 144 N. Y. 717) FOLLETT, J., says : " This statute is a remedial one, enacted for the purpose of compelling those who negligently cause the death of persons, to compensate the surviving husband, widow or next of kin of the person so killed, and, like all such statutes, should be so construed as to give, instead of withholding, the remedy intended to be provided. * * * The important portion of the section is that which gives a right of action, and not that part which provides who may enforce it; the latter is an incidental provision. There is nothing in the words of the statute nor in the circumstances attending its enactment from which it can be inferred that the Legislature intended only to give a right of action in case the person killed was a citizen of this State, or left property in this State. The words of the statute are ' the executor or administrator of a decedent * * * may maintain an action to recover damages.'"

In *Oldfield* v. *N. Y. & Harlem R. R. Co.* (3 E. D. Smith, 103) INGRAHAM, J., says : " We cannot adopt any other conclusion as to the policy of this law than that it was intended to compel persons and corporations engaged in a business which endangered the lives of the citizens to be more careful than had been the case before its passage, and by affording a redress for such injuries, which did not exist before, to punish them for their negligence. * * *

" In the construction of acts passed, evidently with the intent of requiring from railroad corporations, as well as others, more care in regard to the lives of travelers and persons passing through the streets and highways, it is not the duty of courts to adopt views which would tend to render such acts nugatory, and enable violators of them to escape with impunity, as was so often the case before this statute was enacted, but, on the contrary to give the statute effect, by adopting the evident intent with which it was passed, and holding those who negligently destroy the lives of third persons responsible for the consequences of such negligence."

On appeal this case was affirmed (14 N. Y. 310), and in the course of the opinion the court says : " A leading object of the statute was to authorize the maintenance of such actions in cases where death had ensued from the wrongful act, neglect or default. The personal representatives of any deceased person who could himself, if

living, have maintained an action for personal injuries, may bring and maintain a suit for the exclusive benefit of the widow and next of kin of the deceased."

*Littlewood* v. *Mayor* (89 N. Y. 27) was a case where the deceased in his lifetime, and between the accident and his death, had recovered a judgment for his injuries, which had been paid, and the court held that such judgment was a bar to an action in behalf of his next of kin. The contention on the part of the plaintiff was that the damages given to the representatives were different from those which the common law gave to the injured party, and hence there could be no double recovery. RAPALLO, J., says : "The argument in favor of the construction contended for on the part of the plaintiff is based largely upon the provisions relating to the damages to be recovered and the disposition to be made of them. Some provisions on those subjects were necessary by reason of the novelty of the action, and such have been adopted as were deemed most appropriate. But they should not control the construction of that part of the statute which imposes the liability, or extend it beyond the fair import of its terms." "It is equally clear that the Legislature might give to the representatives the statutory right of action only as a substitute for the damages which the deceased was prevented by his death from recovering." In another part of the opinion he says : "The language of the act plainly indicates, I think, that the framers had in view the common-law rule, '*actio personalis*,' etc., and that their main purpose was to deprive the wrong-doer of the immunity from civil liability afforded by that rule."

*McDonald* v. *Mallory* (77 N. Y. 546) was an action for the negligent killing of a citizen of the State, on the high seas, on board a vessel registering from a port in this State. The demurrer to the complaint had been sustained in the court below on the ground that notwithstanding the laws of the State have dominion of a vessel on the high seas, yet that such jurisdiction had not been exercised by the State of New York, and that the statute was restricted in its operation to the actual territorial bounds of the State. The court held that the vessel, wherever it might be, for the purposes of the act, was a part of the territory of the State notwithstanding its geographical boundaries. In thus broadly construing the act the court says : "No such restriction is contained in the statute now

under consideration. Its language is broad and general, and by its terms it operates in all places. Its operation on cases arising in other States and countries has not been denied by reason of anything contained in the act itself or in any other legislative act, but on general principles of law."

The case of *Robinson* v. *Oceanic Steam Navigation Co.* (112 N. Y. 315) was one brought by a person residing in Massachusetts, who had come to this State and obtained letters of administration. The defendant was a British company and the negligent killing occurred on the high seas. It was held that the court had no jurisdiction, because both the plaintiff and defendant were non-residents, and the killing did not take place within the territorial limits of the State. In the course of its opinion the court says: "We, therefore, have a case where the plaintiff is a non-resident, the defendant a foreign corporation, and the cause of action did not arise within this State. * * * Every rule of comity and of natural justice and of convenience is satisfied by giving redress in our courts to non-resident litigants when the cause of action arose, or the subject-matter of the litigation is situated within this State."

In *Matter of Meekin* v. *B. H. R. R. Co.* (164 N. Y. 145) the sole administrator and next of kin died during the pendency of the action. The question was whether the cause of action survived and could be revived by the substitution of another administrator. The court held that upon the death of the intestate the damages, if any, to be recovered, became a part of the estate of the next of kin, as though they had been collected and paid over before his death, and that hence the cause of action survived.

Following the reasoning of this case, this court recently held (*People ex rel. Harris* v. *Gill*, 85 App. Div. 192) that an action of this character was one for a wrong done to the property rights of the beneficiary, and that hence an execution against the person might issue in default of payment of the judgment obtained.

*O'Reilly* v. *Utah, Nevada & California Stage Co.* (87 Hun, 407, 411) held that upon the death of the intestate his administrator had a fixed right to recover the damages sustained, which were not enlarged by the removal of the limit to recovery then existing.

Assignability and survivability of things in action are convertible

terms.  If the cause of action to recover damages for negligent kill-
ing is one to recover for injuries to property rights and survives the
death of the sole beneficiary, those property rights become vested in
the next of kin immediately upon the death of the intestate, and are
assignable.  While not strictly of the same character, yet so far as
their being property rights are concerned, they are like distributive
shares in the estate of an intestate.  These we have seen would pass
to an alien, and our courts would be open to enforce their payment.

It is urged that the main object of the statute is to prevent pau-
perism within the State, and that in the case of non-resident alien
next of kin no such reason exists, and that the reason for the provi-
sion failing, the statute should fail.

The case of *Quin* v. *Moore* (15 N. Y. 432) is relied upon to
sustain this proposition.  What the court says upon that subject is
this : "It is not required that the person killed should be a husband,
father or protector ; although the Legislature, in passing the act, were
doubtless mainly influenced by the evident justice of compelling
the wrongdoer to compensate families dependent in a greater or less
degree for support on the life of the deceased." That dependence
is not the main object of the statute is illustrated by the fact that
a parent, through an administrator, may recover for the negligent
killing of his infant child.

We do not think it is important that it was not shown upon the
trial that a law similar to our own exists in the Ottoman Empire,
and, therefore, that a similar action might be maintained for the
negligent killing of a citizen of our own State there.  If it were a
necessity, the burden was clearly upon the plaintiff to prove that
fact, for there is no presumption that a statute law of a foreign
country is similar to our own.  (*Debevoise* v. *N. Y., L. E. & W. R.
R. Co.,* 98 N. Y. 377.)  But the negligent killing was within our own
territory and by a citizen corporation of our State, liable under its
laws.  The deceased was a resident, although an alien, and entitled
to the protection and benefit of both our common law and statutes.
There can be no question, if he had not died, that he would have had
a right of action against the defendant, and we think his representa-
tive can maintain the action prescribed by the statute, notwithstand-
ing the ultimate fruits of the litigation shall pass to non-resident
alien next of kin.  It cannot be claimed that a right of action

would not exist in behalf of the representative of a citizen of another State, negligently killed within our territory, because the fruits of the litigation would pass to next of kin residing there. (*Lang* v. *Houston Street, etc., R. R. Co.*, 75 Hun, 152; *Matter of Degaramo*, 86 id. 390.)

To deny the action because the widow and next of kin are non-resident aliens is to incorporate into the sections of the Code a restriction which they do not contain; it is to refuse compensation to a certain class of persons for a real injury recognized by the statute. We see no reason, either from the probable intent of the Legislature or the holdings of our courts with respect to the act, why the exception contended for should be held to exist. The words are broad, and comprehend every widow and all next of kin, whether citizens, residents, aliens or non-resident aliens. The only qualification is that the representative shall present such a cause of action as would allow the intestate to recover had he not died. The remedy, if one is desirable, is with the Legislature rather than that the courts should read into the plain statute an exception which does not exist.

There is another exception taken on the trial, but not urged on the argument, which, if well taken, would defeat recovery by this plaintiff, and which, perhaps, should not go unnoticed. This is that the plaintiff has no right to maintain the action because he was not legally appointed administrator of the estate of the deceased. The plaintiff was appointed by the Surrogate's Court of Albany county as a creditor of the deceased. The administrator is a native of Macedonia, but at the time of his appointment was a resident of the State of New York, and had been such for six years, having meantime filed the declaration of his intention to become a citizen. The death having occurred in the county of Albany, the surrogate of that county had jurisdiction to grant the letters, and they cannot be attacked collaterally, but are conclusive until a direct proceeding is instituted to revoke them. (*Lowman* v. *Elmira, C. & N. R. R. Co.*, 85 Hun, 188; affd., 154 N. Y. 765; Code Civ. Proc. § 2591.) But, in addition to this, the plaintiff being a resident of the State, although not a citizen of the United States, does not come within the class of persons incapable of holding the office of administrator. Section 2661 of the Code of

Civil Procedure enumerates the persons who shall not be appointed, and, amongst others, it provides that letters shall not be issued "to a person not a citizen of the United States, unless he is a resident of the State." The effect of this language is to permit the appointment of one not a citizen if he be a resident. The action was, therefore, maintainable by the plaintiff in his representative capacity.

The judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except SMITH, J., dissenting.

Judgment reversed and new trial granted, with costs to appellant to abide event.