IMPERIAL FILM EXCH. v. GENERAL FILM CO. et al.

(District Court, S. D. New York. December 14, 1915.)

1. CORPORATIONS ⟨⟹617(1)—DISSOLUTION—EFFECT.
    The dissolution of a corporation is equivalent to the death of a natural person.

2. MONOPOLIES ⟨⟹28—INJURIES—ACTION.
    An action under Sherman Anti-Trust Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1916, § 8829), for treble damages for injuries to person or property by reason of unlawful monopoly, is one for a personal wrong, and sounds in tort.

3. COURTS ⟨⟹339—FOLLOWING STATE LAWS—ABATEMENT AND REVIVAL.
    Local state statutes in respect to abatement and survival of actions have no application to an action depending solely upon a statute of the United States.

4. COURTS ⟨⟹339—SURVIVAL OF ACTION—COMMON LAW.
    Where there is no federal statute, either preventing or permitting the survival of an action depending solely on a federal law, the rules of common law, which include judicial opinions, even the most modern, on points not regulated by statute, must be looked to, to determine whether the action survives.

5. ABATEMENT AND REVIVAL ⟨⟹57—SURVIVAL—COMMON LAW.
    An action for treble damages, brought under Sherman Anti-Trust Act, § 7, based on combinations in restraint of trade, survives the death of

the person or dissolution of a corporation injured, being an action for injuries to property, which might have been assigned; the modern rule being in favor of assignment of actions, and tort actions for injuries to property which were assignable surviving.

6. ABATEMENT AND REVIVAL ⊜⊐73—CORPORATIONS—REVIVAL OF ACTION—PARTIES.

Where, on dissolution of a corporation, the state court appointed a trustee, who was in all respects the equivalent of an assignee, such trustee may be substituted as plaintiff in an action previously instituted by the corporation to recover treble damages under Sherman Anti-Trust Act, § 7, for injuries occasioned by a violation of the act.

At Law. Action by the Imperial Film Exchange against the General Film Company and others to recover treble damages under Sherman Anti-Trust Law, § 7. On motion by one appointed trustee of the property of plaintiff corporation to be substituted as party plaintiff. Motion granted.

Plaintiff is a New York corporation, which, pursuant to the General Corporation Law of that state (Consol. Laws, c. 23), applied for voluntary dissolution. The application was granted, and on May 20, 1913 (after the institution of this suit), an order was entered in the Supreme Court reciting that the plaintiff herein was insolvent, and that it would be for the benefit of its stockholders that it be dissolved; whereupon it was "ordered that the said corporation, Imperial Film Exchange, be and it hereby is dissolved." The order then proceeded to appoint Mr. Joseph R. Truesdale "permanent receiver of all the assets and property of said corporation, with all the powers conferred by law on permanent receivers." The statute above referred to (section 231 et seq.) provides that permanent receivers of New York corporations in dissolution "shall be trustees of the property [of the corporation] for the benefit of the creditors of the corporation and of its stockholders," and also that such receivers shall be "vested with all the property real and personal of the corporation," etc. Mr. Truesdale then moved in this count to be substituted as plaintiff herein and to amend the complaint in an appropriate manner. This motion is opposed on the ground that the right of action set forth in the complaint died with the death (i. e., the dissolution) of the plaintiff corporation; that therefore the action abated, and cannot now be revived, because the cause of action itself did not survive the dissolution aforesaid.

Laurence A. Sullivan and Eugene M. Gregory, both of New York City, for receiver.

Harold Nathan, of New York City, for defendants.

HOUGH, District Judge. The exact point of law raised by this motion has never been decided, nor, indeed, so far as my own investigations and those of counsel reveal, has it ever been mooted before. The very able and interesting briefs of counsel I have considered a long time, and yet after such lengthy reflection it appears to me that the matter must be decided by one's views of some elementary and fundamental propositions. To put the matter in another way, decision must be here arrived at, not by a nice consideration of closely joining decisions, but by the view entertained of the application of certain broad propositions, concerning the general correctness of which certainly no counsel here concerned could entertain any doubt. Defendants' position may I think be fairly outlined thus:

[1] 1. The dissolution of the plaintiff is equivalent to the death of a natural person. To this I agree, and consider the references made

in argument entirely sufficient, viz.: Greeley v. Smith, 3 Story, 657, Fed. Cas. No. 5,748; Pendleton v. Russell, 144 U. S. 640, 12 Sup. Ct. 743, 36 L. Ed. 574; Matter of Stewart, 39 Misc. Rep. 275, 79 N. Y. Supp. 525; Id., 40 Misc. Rep. 32, 81 N. Y. Supp. 209; Id., 86 App. Div. 627, 83 N. Y. Supp. 1117; Id., 177 N. Y. 558, 69 N. E. 1131.

[2] 2. The cause of action set forth in the complaint herein (or any cause of action properly brought under section 7 of the Sherman Act) is certainly for a personal wrong, and therefore an action for tort. I agree to this as far as it goes, but do not think that it states the whole truth.

[3] 3. Since this suit depends for its vitality solely upon a statute of the United States, the statutes of the state of New York in respect of abatement and survival of actions or causes of action have no application. To this I agree, upon the authority of the cases cited: Michigan Central, etc., Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; Baltimore & Ohio R. R. v. Joy, 173 U. S. 226, 19 Sup. Ct. 387, 43 L. Ed. 677.

[4] 4. There is no statute of the United States either preventing or permitting the survival of such a cause of action as this. Therefore the rules of the common law become applicable. Holding common law to include also judicial opinions, even the most modern, on points not regulated by statute, I agree to this.

[5, 6] 5. The dissolution (i. e., death) of this plaintiff corporation must have wholly abated this action, because the action is for tort, and the common-law rule regarding the death of personal actions still applies. To this conclusion I cannot agree, because of what I conceive to be the half truth heretofore alluded to. Such an action as this under the Sherman Law can only be brought when a person is "injured in his business or property." Section 7. The action is to recover "threefold the damages by him sustained"; i. e., sustained by and in the said "business" or "property."

Such an action as this might well be called sui generis, but surely the nearest approach to one of the old legal categories that can be made is to assign this new statutory cause of action to that of actions for a tort occasioning injury to property, of which perhaps the most ancient and familiar illustrations are trespass q. c. f. and trespass d. b. a. By a long list of decisions the general test of survivability of actions is their assignability. In fact, many, if not most, of the cases seem to reason in a circle; i. e., if the question is of assignability, a case of survival is thought to rule it, and e converso. See such decisions catalogued in 4 Cyc. 23. In short, assignability and the right of survival are attributes of causes of action discoverable by the same tests; as a general rule they are "convertible terms." Selden v. Ill. Trust, etc., Bank, 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180; Tanas v. Municipal Gas Co., 88 App. Div. 251, 84 N. Y. Supp. 1053; Morenus v. Crawford, 51 Hun, 89, 5 N. Y. Supp. 453; Grocers' National Bank v. Clark, 48 Barb. (N. Y.) 26.

Admitting that most actions for wrong to the person, or indeed to a person, are still subject to the common-law rule, it is several cen-

turies since an exception was established (in the language of Story) that:

"Vested rights ad rem and in re, possibilities coupled with an interest, and claims growing out of and adhering to property may pass by assignment." Comegys v. Vasse, 1 Pet. at 213, 7 L. Ed. 108.

Sometimes this rule is covered up or disguised by an assignment of the property injured, as in Tome v. Dubois, 6 Wall. 548, 18 L. Ed. 943, where the defendant had wrongfully deprived the plaintiff's assignor of a quantity of sawlogs. The assignor sold the sawlogs to the plaintiff, though he had no possession of them, and the plaintiff maintained an action for conversion. In New York, not merely such property might have been assigned, together with the cause of action growing out of it, but the cause of action itself might have been directly assigned. Richtmeyer v. Remsen, 38 N. Y. 206.

Assuming that the cause of action set forth in this complaint, being statutory, is sui generis, the Congress has not prescribed whether said cause of action may be assigned or not. In the absence of such permission or prohibition, the question of assignability of rights conferred by statutes is to be governed by the general principles regulating that quality in choses in action in general. The general rule was laid down in Meech v. Stoner, 19 N. Y. 26, when Comstock, J., said, in speaking of the right to assign a claim under the statute for money lost at gambling:

"The assignability of things in action is now the rule, nonassignability the exception; and this exception is confined to wrong done to the person, the reputation, or the feelings of the injured party, and to contracts of a purely personal nature, like promises of marriage." 19 N. Y. 29.

Therefore, if this be regarded merely as a statutory claim, it is of such a nature as to be assignable. The chose in action alleged to exist in the complaint is undoubtedly property in the largest sense of that word, the test whereof is that it could by appropriate process be reached by the creditors of the Imperial Film Exchange. I do not think it open to doubt that a judgment creditor of this plaintiff could by proceedings supplementary to execution procure the appropriation of this cause of action to himself in satisfaction of his judgment. This is enough to prove that it is property.

The Supreme Court of the state by its order has, in obedience to the statute, preserved and handed on to Mr. Truesdale as trustee all the property of this plaintiff; that is, it has taken possession of everything that the plaintiff could have assigned and everything that the creditors of the plaintiff could hope to reach, either at law or in equity. This lawful action of the court having supervision of this corporation is the equivalent (at least) of an assignment.

Because, therefore, the permanent receiver, Mr. Truesdale, is the equivalent of an assignee, because the cause of action is capable of assignment, and Mr. Truesdale has become the owner of it, I regard the legal death of the corporation as an immaterial element in this application. Therefore the motion is granted.