### WOLFF v. AMERICAN UNION FIRE INS. CO. OF PHILADELPHIA, PA., et al. Appeal of JOHNSON, Ins. Com'r, etc.

(Supreme Court, Appellate Term, First Department. December 9, 1915.)

CORPORATIONS ⊛⟶670—PARTIES—RENDITION OF JUDGMENT AFTER DISSOLUTION OF CORPORATION.

> While a judgment against a corporation after its dissolution was void and of no effect, a valid attachment lien obtained prior to the dissolution was not necessarily merged in the void judgment.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2628–2639; Dec. Dig. ⊛⟶670.]

Appeal from City Court of New York, Special Term.

Action by Mark Wolff, doing business as the Bedding Store, against the American Union Fire Insurance Company of Philadelphia, Pa. From an order denying a motion to vacate a warrant of attachment and judgment, and to set aside the service of summons herein, Charles Johnson, Insurance Commissioner of the Commonwealth of Pennsylvania, appeals. Modified and affirmed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

James E. Finegan, of New York City, for appellant.
Van Iderstine, Duncan & Barker, of New York City (Wendell P. Barker, of New York City, of counsel), for respondent.

GUY, J. The action is on a bill of exchange for the payment of $854.30 made and delivered on or about February 25, 1913, by the defendant American Union Fire Insurance Company of Philadelphia, a foreign corporation, to the plaintiff. Suit was begun March 22, 1913, by the granting of a warrant of attachment which was levied on the same day on funds claimed to be due from the Warsaw Fire Insurance Company of Warsaw, Russia, to the defendant. The summons was served March 25th; the defendant was dissolved in Pennsylvania, the state of its domicile, March 26th, and its dissolution became effective March 27th; and on April 5, 1913, judgment by default was entered herein against the defendant.

The appellant appeared specially in the court below and moved to vacate the warrant of attachment and judgment, and that the service of the summons and the warrant of attachment be declared null and void, and the motion was denied for the same reasons as were given by the learned judge at Special Term in denying the application in the Schumacher Case, 156 N. Y. Supp. 102. In the Schumacher Case we have held that the appellant was entitled to the relief asked for below.

In this case, however, the warrant of attachment was granted and levied and the summons served before the dissolution of the defendant corporation (although the order appealed from erroneously recites that the summons was served on a date which was subsequent to the dissolution), so that here at the time of the defendant's dissolution there was a valid warrant of attachment in existence which could be levied on the property, if any, of the corporation in this state.

In September, 1911, the defendant corporation had entered into an agreement with the Warsaw Fire Insurance Company of Warsaw, Russia, a foreign corporation, for the reinsurance of defendant's risks. The Warsaw Company transacted business in New York by its managers, Foster & Folsom, Incorporated, and upon the dissolution of the defendant, March 27, 1913, the policies of insurance taken out by it in the Warsaw Company and in effect at that time were canceled by operation of law, and a sum in excess of $250,000 thus became available to meet the obligations of the dissolved corporation. It is upon this fund that the plaintiff claims he has a valid lien. The judgment entered in this action after the dissolution of the defendant is void and of no effect (Martyne v. American Union Fire Ins. Co. of Philadelphia, 110 N. E. 502 (Court of Appeals, November, 1915); Sturges v. Vanderbilt, 73 N. Y. 384; Matter of Stewart, 39 Misc. Rep. 275, 79 N. Y. Supp. 525. If, however, the plaintiff had prior to the death of the defendant corporation obtained a valid lien by the levy of the attachment, it does not necessarily follow that such lien would be merged in a void judgment.

In Logan v. Greenwich Trust Co., 144 App. Div. 372, 129 N. Y. Supp. 577, affirmed 203 N. Y. 611, 96 N. E. 1120, the plaintiff obtained a warrant of attachment and levied the same against the property of the original defendant; but within 30 days from the granting of the warrant, before the appearance of the defendant or service of process on him, he died, and thereafter by appropriate proceedings the administrator of the decedent was brought in as a party defendant, and the summons served by publication on that defendant. The Appellate Division held that, although the action was in form in personam, it was strictly in rem, because all the relief to which the plaintiff would be entitled would be a judgment under which the specific property which had been levied upon under the attachment should be applied to the satisfaction of the plaintiff's demand, and the order vacating the attachment was reversed, and the motion denied.

The Court of Appeals has held, however, in the Martyne Case, supra, that the debt due from the Warsaw Company to the defendant for return premiums upon policies of reinsurance, as a result of the dissolution of the defendant, is not subject to attachment in New York. There was, therefore, no property of the defendant attached in this action; and although the court below had jurisdiction to grant the warrant, and personal service of the summons had been duly made, the levy of the attachment upon return premiums under the Warsaw Company policies was unauthorized and inoperative, and, as before stated, the judgment entered subsequent to the dissolution was void.

In so far as the order appealed from denies the appellant's motion

to vacate the judgment, it should be reversed, and that part of the motion granted, and the attempted levy of the attachment set aside; and said order, as so modified, is affirmed, without costs. All concur.