In the Matter of the Estate of CATHERINE GAFFNEY, Deceased.

Surrogate's Court, New York County, July 3, 1931.

*Konnoson & Konnoson* [*M. J. Konnoson* of counsel], for the petitioner.

*Holley & Oxenberg,* for the administrator and for Patrick Cassidy, brother.

Foley, S. This is an application to revoke letters of administration. It is claimed that the letters were obtained by a false suggestion of a material fact which is a ground for removal under section 99, subdivision 4, of the Surrogate's Court Act.

(1) The application for revocation is granted. In the petition for administration originally filed it was stated that the next of kin consisted of a group of first cousins of the decedent, of which the petitioner (the present administrator) was one. It subsequently developed that there were nearer relatives who were entitled to take to the exclusion of the first cousins. John Joseph Cullen, claiming to be a grandnephew and one of the next of kin, thereupon petitioned in the present proceeding for revocation. His petition set forth as next of kin the names of one nephew and several grandnephews and grandnieces, and stated that the decedent left no brother or other nearer relatives. Upon the return of the citation it developed that the latter list of next of kin might also be incorrect. On the trial it was proven to have been incorrect. The attorney for the original administrator claimed that a further investigation had lead to the possibility of there being a brother of the decedent living in Ireland. Under the authority and discretion vested in the surrogate by the provisions of the Surrogate's Court Act, a supplemental citation was directed to be issued to the person who was claimed to be a brother. Upon the hearing of the issues here the brother appeared and proved his relationship.

It is the established policy of the Surrogate's Court to correct the list of next of kin by formal order or amendment as soon as the relationship of the omitted person is conceded or determined. The rights of the persons entitled to participate in the estate are thus fixed by the record, and the possibility of an improper distribution may be avoided. (*Matter of Campbell,* 123 App. Div. 212; affd., 192 N. Y. 312, 318; *Libbey* v. *Mason,* 112 id. 525.) Even in the case of a non-resident who has a prior right, notice should be given to him, under the authorities, in order to inform him of his participation in the estate and his possible right to letters of administration. (*Matter of Campbell, supra; Matter of Tyers,* 41 Misc. 378.) The objection under section 94 of the Surrogate's Court Act that he is an alien, not an inhabitant of this State, and,

therefore, not entitled to letters, must be urged against him if and when he applies for letters.

The brother here is the nearest relative and will be entitled to an interest as great as, if not greater than, any of the other persons now recited as next of kin. The failure to cite him might have led to his losing his rightful share of the estate.

It is immaterial, in an application of this kind, whether the original statement of the next of kin in the petition of the person appointed administrator is made in good faith, or whether the erroneous statements alleged in the petition were innocently made. (*Kerr* v. *Kerr*, 41 N. Y. 272, 276.) In the present estate the administrator undoubtedly acted in good faith and with the best of motives. Moreover, his claim that he subsequently investigated and discovered the nearer relatives, including the petitioner here, who seeks his removal, and the brother, appears to be true. But the administrator is not a next of kin and is not entitled to retain his right to administration as against those who are lawful distributees of the estate. (Surr. Ct. Act, § 118.)

(2) Patrick Cassidy, the brother, in his answer requests among other alternatives that he be appointed as the new administrator. Evidence on the question of his competency to receive letters was submitted to me. The issue is whether he is disqualified by reason of the provisions of subdivision 3 of section 94 of the Surrogate's Court Act, which provides that no person is competent to serve as an administrator who is an " alien not an inhabitant of this state." He is a citizen of the Irish Free State. He arrived in this country only recently under a passport which has been received in evidence. That passport contains the *visa* of the American Consul at Dublin, Ireland, which recites that the *visa* was granted to him as a " nonimmigrant " under the Immigration Act of 1924.* His classification is stated in the *visa* as " Temporary Visitor." The passport also contains a notation by the Immigration Inspector on his arrival at New York on June 15, 1931, that he was admitted under the Immigration Act for three months. Patrick Cassidy now claims that he intends to reside permanently within the United States. Despite his claim and his present intention, I hold that he is not an inhabitant of the State under the meaning of section 94 of the Surrogate's Court Act.

The definition of the word " inhabitant " in the dictionaries and in the decisions comprehends a fixed or permanent dwelling in a place. Thus, Webster's Dictionary of the English language defines the word as, " One who dwells or resides permanently in a place,

---

* See U. S. Code, tit. 8, §§ 201 *et seq.*— [REP.

or who has a fixed place of residence as distinguished from an occasional lodger or visitor;" "one who has a legal settlement in a town, city or parish — a resident."

The definition in the Century Dictionary is as follows: "A resident, one who dwells in a place, as distinguished from a transient or occasional lodger or visitor."

In Bouvier's Law Dictionary it is defined as "One who has his domicile in a place; one who has an actual fixed residence in a place."

Its meaning is co-ordinate with that of "resident." (*Matter of Seymour*, 107 Misc. 330, 332; *Matter of Walker*, 54 id. 177.)

The distinction in the Century Dictionary of an "inhabitant" from a "transient visitor" accurately applies to the present case in view of the description of Patrick Cassidy in the passport as a "temporary visitor." Regardless of his present intentions to remain here, he is subject to the terms of his admission to this country and the power of the United States Government to deport him. Alienage alone does not disqualify an administrator, but there must be adequate proof of his being an inhabitant. (*Tanas* v. *Municipal Gas Co.*, 88 App. Div. 251, 259.)

I hold upon the evidence here that Patrick Cassidy, the brother, is not an inhabitant of this State. He is, therefore, not competent to receive letters of administration.

(3) The attorney for the petitioner here is correct in his contention that the petition for revocation did not include an application for letters by his client. A new proceeding for letters of administration *de bonis non* will have to be brought by one of the persons interested, and citation issued to all the necessary parties as required by the Surrogate's Court Act, unless their waivers and renunciations can be obtained. In the new petition the names of the next of kin should be accurately set forth and should include the name of the brother. It should also describe the relationship of the nephew and grandnephews and grandnieces as the descendants of specifically named deceased brothers or sisters of the decedent. This formality is necessary in order to disclose the fractional shares of the various next of kin.

The decree revoking letters should direct that a compulsory account be filed by the retiring administrator within thirty days, or that a voluntary proceeding for the judicial settlement of the account be initiated within that period.

Submit decree on notice accordingly.