In the Matter of the Petition of the BOARD OF SUPERVISORS OF NASSAU COUNTY for a Reconstruction and Relocation of the Existing Crossing of Shore Road (Locally Known as East Shore Road) and the Railroad Operated by The Long Island Rail Road Company (Port Washington Branch) in the Town of North Hempstead, Nassau County. THE LONG ISLAND RAIL ROAD COMPANY, Appellant; BOARD OF SUPERVISORS OF THE COUNTY OF NASSAU and PUBLIC SERVICE COMMISSION, Respondents.— Appeal by The Long Island Rail Road Company, taken pursuant to section 91 of the Railroad Law, from an order of the Public Service Commission directing that the structure carrying appellant's railroad over Shore road, town of North Hempstead, be relocated and reconstructed, and granting other appropriate incidental relief. Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Petition of SARAH LEAHY DAGGETT, for a Decree Revoking the Letters of Guardianship of GEORGE DAGGETT, an Infant under 14 Years, Heretofore Issued to WILLIAM B. DONNELL, and for a Decree Vacating the Decree of This Court Dated July 25, 1940, Appointing WILLIAM B. DONNELL as General Guardian of the Person and Property of GEORGE DAGGETT, and for the Appointment of SARAH LEAHY DAGGETT as General Guardian of the Person and Property of the Said Infant. WILLIAM B. DONNELL, Former General Guardian of the Person and Property of GEORGE DAGGETT, an Infant, etc., Appellant; SARAH LEAHY DAGGETT, General Guardian of the Person and Property of GEORGE DAGGETT, an Infant, etc., Respondent.— Appeal from a decree of the Surrogate's Court of Kings County, removing William B. Donnell as guardian of the person and property of George Daggett, an infant, and appointing in his stead Sarah Leahy Daggett, the infant's grandmother. Decree unanimously affirmed, with costs payable by the appellant personally. The record amply justifies the action of the surrogate for the reasons stated by him relating to the best interests of the infant. In addition, the undisputed proof establishes that the petition upon which the appellant was originally appointed contained false suggestions of material facts which required the revocation of the letters issued to the appellant. (Surr. Ct. Act, § 99, subd. 4; *Matter of Campbell*, 192 N. Y. 312.) This is so even if the erroneous statements were innocently made. (*Matter of Gaffney*, 141 Misc. 453, 455; *Kerr v. Kerr*, 41 N. Y. 272, 276.) Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Application of MICHAEL H. FARINA, as Administrator, etc., of JOSEPH FARINA, Deceased, to Discover Certain Property of the Said Deceased Claimed to Be Withheld. NELLIE CORRADI, Appellant; MICHAEL H. FARINA, as Administrator, etc., of JOSEPH FARINA, Deceased, Respondent.— Appeal from an order of the Surrogate's Court of Orange County directing the appellant to account to the administrator of the decedent for $4,022.25, balance withdrawn from an account in a savings bank, and presently to pay over to the administrator $1,600 of that amount now in appellant's possession. Order unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.