In the Matter of the Estate of IGNACY J. PADEREWSKI, Deceased.

Surrogate's Court, New York County, November 3, 1948.

*Joseph A. Cox* for Francis J. Mulligan, as Public Administrator of New York County, petitioner.

*Walter J. Bayer* for Sylwin Strakacz, as administrator of the estate of Ignacy J. Paderewski, deceased, respondent.

*John J. O'Connor* for United States Fidelity & Guaranty Co., respondent.

*Blum & Jolles* for Roman Kwiecien, as consul for Consul General of Republic of Poland, respondent.

COLLINS, S. The application to revoke the letters of administration heretofore issued is granted.

The respondent was appointed administrator upon the petition of a sister of the deceased who is now herself deceased. The pleadings in this proceeding, as well as the evidence, disclose that at the time when the application for letters of administration was made the sister was a citizen of Poland and was in this country under a diplomatic visa. She was not an inhabitant of this State

within the meaning of subdivision 3 of section 94 of the Surrogate's Court Act (*Matter of Gaffney*, 141 Misc. 453). As an alien, not an inhabitant of this State, she was not competent to receive letters of administration (*Matter of Findlay*, 253 N. Y. 1; *Matter of MacMillan*, 133 Misc. 570), and being herself incompetent she could not designate a nominee to act as administrator. (*Matter of Mora*, 133 Misc. 254; *Matter of Marret*, 152 Misc. 713.)

The nominee of the sister, who was appointed as administrator, was at the time of his appointment a nonresident alien concededly being here under a diplomatic visa and therefore with temporary status in the United States. (*Matter of Gaffney, supra.*) Thus even if the sister had been competent to designate the respondent, which she was not, he was not competent to serve. His appointment, therefore, fails to meet the statutory requirements on either of two independent grounds.

The original petition and accompanying papers on the basis of which the appointment of the administrator was procured, not only failed to disclose these material facts but, on the contrary, contained statements asserting residence of both the sister and her nominee in this State, a position which the administrator abandoned a few months later, when he presented, in Westchester County, his petition for the probate of the will of the deceased sister in which petition he described her as a citizen of the Republic of Poland and a resident of Riond-Bosson, Morges, Switzerland; and as having entered the United States on a diplomatic passport; the citation in that proceeding likewise recited that the sister was domiciled in and a resident of Riond-Bosson, Morges, Switzerland.

Respondent has sought to postpone the hearing of the instant proceeding by referring to the discovery, in France, of an alleged will of the decedent. The issue in the instant proceeding however concerns only whether the administrator was properly qualified to act as such and possibly whether his appointment was procured by the misrepresentation of a material fact. The existence of a will which may or may not name an executor who in turn may or may not be competent to act as such in this proceeding has no bearing on this issue. If respondent was not qualified to be appointed as administrator under the law of this State, his appointment should be revoked.

Therefore, respondent is removed as administrator, the Public Administrator is hereby appointed as administrator *de bonis non* and the removed administrator is directed to file an account of his proceedings within twenty days.

Submit decree on notice accordingly.