Alexander Levay, as Administrator of the Estate of Susie Levay, Deceased, Plaintiff, *v.* Dezso Mate et al., Defendants.

City Court of the City of New York, Trial Term, New York County, February 16, 1949.

*Feldstein & Flicher* for plaintiff.

*Burden & Bohlinger* for defendants.

Capozzoli, J. This action has been brought by the plaintiff as administrator of the estate of Susie Levay, etc., deceased, against the defendants, to recover the sum of $3,000, which was allegedly loaned to the defendants by the deceased. The defendants insist that the transaction in question was not a loan, but a gift, and have refused to pay.

The defendants also argue that the plaintiff, who concededly was convicted of a felony and is now on parole, cannot maintain this action because he is disqualified by law to receive letters of administration under sections 94 and 99 of the Surrogate's Court Act. They further argue that the plaintiff cannot sue because of section 510 of the Penal Law.

The court disagrees with the contention of the defendants that the plaintiff administrator cannot maintain this action. It is true that, in a proper proceeding, the plaintiff can be removed as administrator, but the appointment of an administrator by a Surrogate having jurisdiction cannot be attacked collaterally. The appointment is conclusive and can only be revoked in a direct proceeding. (*Tanas* v. *Municipal Gas Co.*, 88 App. Div. 251.)

Section 510 of the Penal Law, on which defendants rely for their contention that the plaintiff is disqualified to bring this

action because of a felony conviction, was amended as of March 30, 1946 (L. 1946, ch. 260), so that it now reads, in part, as follows:

" A sentence of imprisonment in a state prison for any term less than for life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced; but nothing herein contained shall be deemed to suspend the right or capacity of any of the following persons to institute an action or proceeding in a court * * *.

" b. A person sentenced to state prison for any term less than for life, while he is released on parole." This language clearly indicates that this plaintiff is not disqualified.

As to the contention that the transaction was a gift, rather than a loan, the court is satisfied that the evidence overwhelmingly shows the contrary. In the opinion of the court the transaction was a loan to the three defendants and, therefore, directs judgment against the defendants for the sum of $3,000, with appropriate interest.

The case having been tried before the court, without a jury, and findings of fact and conclusions of law having been waived, the clerk is directed to enter judgment accordingly. All motions of which decision was reserved are hereby denied.

Ten days' stay of execution and thirty days to make and serve a case.