OPINION OF THE COURT
Alfred J. Weiner, S.
These are proceedings brought by petitioner and cross petitioners for the guardianship of the person and property of Michael Lafontant, an infant.
This is a motion for summary judgment by the cross petitioners to dismiss the petition for guardianship filed by petitioner. The motion is opposed by the petitioner.
Respondents, who are the maternal grandparents of the *841 infant, contend that the petitioner, who is the father, is ineligible, pursuant to SCPA 707, to receive letters of guardianship because he is an illegal alien. Petitioner concedes that he is an illegal alien but contends that his domicile is in the State of New York and he is, therefore, eligible to receive letters of guardianship.
"Domicile” is defined as "[a] fixed, permanent and principal home to which a person wherever temporarily located always intends to return.” (SCPA 103 [15].)
A nondomiciliary alien is ineligible to receive letters as a fiduciary, pursuant to SCPA 707 (1) (c). (Matter of Findlay, 253 NY 1; Matter of Paderewski, 193 Misc 688; Matter of MacMillan, 133 Misc 570.) A domiciliary of the State of New York, although an alien, may be appointed as a fiduciary. (Tanas v Municipal Gas Co., 88 App Div 251.)
Upon review of the papers submitted, the court finds that petitioner has resided in Spring Valley, New York, for the last five years, is employed there, and his intention is to remain in the State of New York. Petitioner has taken legal steps to remain in the United States. Therefore, the court finds that petitioner is a domiciliary of this State.
The court further finds that petitioner’s status as an illegal alien is immaterial to the issue of his domicile and, therefore, his eligibility to receive letters. Accordingly, the motion for summary judgment is denied.
Since there is a pending custody proceeding in the Rockland County Family Court between these same parties, these proceedings for guardianship will be held in abeyance pending a determination in the Family Court.