In the Matter of the Estate of JOHN B. PAGE, Deceased.

A citation was issued by the surrogate of the county of New York to the widow and next of kin of an intestate, notifying them of an intended application by the public administrator for letters of administration. Upon the day and hour named in the citation, the counsel for the widow and next of kin appeared before the surrogate to oppose; but there was no appearance on the part of the public administrator. Said counsel remained in court until after the second call of the calendar and was then informed by the surrogate that there was no such application on the calendar. No application was made on that day, but subsequently, and without notice to said counsel and in his absence, the application was made and granted. *Held,* that the order was void; that no order having been made on the return day of the citation, either adjourning the hearing or determining the matter, the surrogate lost jurisdiction to proceed further, without either due service of another citation or a voluntary appearance of the widow and next of kin.

A motion to revoke the letters was denied by the surrogate and his order was affirmed by the General Term. *Held,* that as the decisions below showed a fair justification for the conduct of the public administrator, and as his good faith was not questioned, the taxable costs of the proceedings should be paid out of the estate.

*It seems* that under the provision of the New York Consolidation Act (§§ 219, 220, Chap. 410, Laws of 1882), the public administrator has no right of administration upon the estate of one dying intestate, without the state, leaving effects within the county of New York, who was not a citizen of the state.

Under the provisions of the Revised Statutes, however (2 R. S. 74, § 27), which in this respect have not been repealed by the Code of Civil Pro-

cedure, the public administrator has a right of administration, contingent upon the refusal of others who have a prior right.

The widow and next of kin of a citizen of the United States, but a non-resident of this state, dying intestate out of the state, leaving personal property in said county, are entitled to letters of administration in the order of priority named in the statute.

It is not necessary, however, that they should initiate the proceedings; the public administrator may, and, in case of their neglect, it is his duty to do this, and if after proper service of a citation, upon hearing on his application, it appears there is a widow or relative competent, qualified and willing to take, letters must be issued to such person; if this does not appear the public administrator is entitled to administration, at least where there are creditors of the decedent in said county.

(Argued October 4, 1887; decided November 29, 1887.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made December 31, 1886, which affirmed an order of the surrogate of the county of New York, denying a motion on the part of the widow and next of kin of John D. Page, deceased, to set aside and revoke letters of administration issued by said surrogate to the public administrator.

The said intestate was a non-resident of this State; he died at Rutland, Vermont. The further facts appear in the opinion.

*Alfred R. Page* for appellants. The application for letters not having been made in pursuance of the notice authorized by statute, the surrogate had no power to grant the same. (N. Y. Con. Act, 1882, §§ 227, 228; *Proctor* v. *Wanmaker*, 1 Barb. Ch. 302.) The public administrator had no right to letters of administration in this case, the intestate having been a citizen of the state of Vermont, and having died in that state. (Code of Civ. Pro., § 2695 *et seq;* 3 R. S. [7th ed.]; 2290.)

*Lewis Sanders* for respondent. The petition of the public administrator on which the letters of administration were issued to him, recites all the facts necessary to confer jurisdiction upon the Surrogate's Court. Those facts were the death of the decedent, his intestacy, and the presence in this county at the time of his death or afterwards of effects belonging to his

estate. (Code of Civ. Pro., § 2476 ; Laws of 1882, chap. 410,
§ 219, subd. 1 ; *Bloom* v. *Burdick*, 1 Hill, 130 ; *Bumstead* v.
*Read*, 31 Barb. 661 ; *Shelden* v. *Wright*, 5 N. Y. 497 ; *Farley*
v. *McConnell*, 52 id. 630 ; *Roderigas* v. *Institution*, 76 id.
316 ; *Leonard* v. *Company*, 84 id. 48 ; Code, § 2478 ; *N. Y.
L. I. Co.* v. *U. L. I. Co.*, 88 N. Y. 424 ; *Anon.*, 6 Cow. 41 ;
*Tyler* v. *Ætna Ins. Co.*, 2 Wend. 280.) The appellants being
non-residents, had the notice the law entitled them to, by the
publication of the notice twice a week for four weeks in the
Daily Register. (Laws of 1882, chap. 410, § 227 ; *In re
Brewster*, Daily Register, Aug. 26, 1886.)

PECKHAM, J. The citation to the widow and next of kin
of the deceased was to inform them of an intended applica-
tion by the public administrator of New York city to the
surrogate of the county for letters of administration upon the
estate of the intestate named in the citation, and it was stated
that such application would be made to the surrogate, at the
court-house, and at a certain day and hour. This citation was
issued pursuant to statute, and was necessary, under the
circumstances, to give jurisdiction to the surrogate to make
any order in the proceeding.

When, upon the day and hour named in the citation, the coun-
sel for the widow and next of kin of the deceased appeared before
the surrogate ready, as is stated, to oppose the application, there
was no appearance on the part of the public administrator.
This is not disputed. The counsel for the widow says that
no application was made to the surrogate for the granting of
any letters of administration upon this estate at that time.
He further says that he remained in court until after the
second call of the calendar, and was then informed by the
surrogate that there was no such application upon the calen-
dar for that day. He then left the court-house, and in truth
no application was made to the surrogate on that day.
Subsequently, and without notice to the counsel for the
widow, and in his absence, application was made to the surro-
gate for the issuing of letters to the public administrator, and

the same was granted. It is thought that where no one appeared upon the return day of the citation on behalf of the public administrator, and when the counsel for the widow did appear and was then ready to oppose the granting of such application, and no order was made in the proceeding at that time, the surrogate lost jurisdiction to proceed further without either the due service of another citation or the voluntary appearance of the widow and next of kin. Their counsel had done all that he could be expected to do when he appeared for them, as cited, and was ready to oppose the application. If no one appeared upon the other side, and no order was made in the case, the proceeding went down, and nothing further could be done without due notice.

We cannot agree that in such event the matter stood over ready to be heard whenever, in the ordinary course of the business of the court, it should be brought to the attention of the surrogate. The surrogate might have made an order adjourning the case to some specified time, and thus retained jurisdiction, but he did nothing of the kind, and the proceeding was simply out of court.

This necessitates the reversal of the order of the General Term and of the surrogate, and the entry of an order in the Surrogate's Court annulling and setting aside and revoking the letters of administration heretofore granted to the public administrator of New York.

The learned counsel for the widow contends, however, in his argument, and in his brief filed here, that the public administrator had no right to letters of administration in this case, as the deceased, at the time of his death, was a citizen of Vermont and died within that state. He does not claim that a case was not made out conferring jurisdiction upon the surrogate of New York to issue letters of administration upon this estate to the proper person and after a proper application, but he claims that the Surrogate's Court had no right to grant letters to the public administrator. As this question may arise in any future application in this case, it is better to state briefly our views regarding it now.

We agree that section 220 of the New York Consolidation Act (chap. 410 of the Laws of 1882), limits the sweeping provisions of subdivision 1 of section 219, so that the public administrator, under the subdivision of that section, has no right of administration upon the estate of one who was not a citizen of this state, dying intestate without the state, leaving effects within the county of New York, except in cases mentioned in the two subdivisions of section 220, and this proceeding is not brought within either exception. There are, however, cases where the public administrator has a contingent right of administration, after the refusal of others who have a prior right. By the Revised Statutes, which upon this subject have not been repealed by the Code, it is provided (2 R. S., 74, § 27) that letters of administration, in case of intestacy, shall be granted to the relatives of the deceased if they will accept the same in the following order : First to the widow, second to his children, etc. If none of these will accept, then it is provided that the creditors of the deceased shall be entitled to administration, but " in the city of New York the public administrator shall have preference after the next of kin over creditors and all other persons."

The widow and next of kin in this proceeding while non-residents are citizens of the United States, as we may assume, and hence are entitled to letters in the order of priority named in the statute. (2 R. S. 74, 75, §§ 27, 32.) But it is not necessary that they should initiate the proceedings. The public administrator, under section 227 of the above mentioned consolidation act, could himself give notice of an application for letters, and after proper service thereof and on the hearing of the application, if it appeared that there was a widow or a relative competent and qualified and willing, letters of administration would be granted to such widow or relative, and if not, then the public administrator has the right to administer by the very terms of the Revised Statutes already quoted.

If no application should be made by the widow or next of kin within a reasonable time, either for original or ancillary

letters of administration upon the property here which was left by a deceased person, not a resident of the state, and who died outside of its limits, it would, we think, be the duty of the public administrator to himself, on proper notice, make application for letters and proceed as provided in the statute.

Reading sections 227 and 228 together, it is seen that the statute contemplates the making of the application by the public administrator, even in cases where, on the hearing, it may appear that there are persons willing, qualified and competent to take out letters. In such case the letters are issued to them, but the proceedings may be commenced by the public administrator, and he has such right evidently for the purpose of expediting, by his application, the issuing of letters to some one, and the placing of the property situated in New York, and which belonged to the deceased, in a way for proper administration.

Our decision is limited to the exact facts in this case. It is assumed there are creditors of the estate, living in the city of New York, who are anxious for the appointment of an administrator in this state. As to what right, if any, the public administrator would have to claim that an appointment should be made either of himself or others, in case there were no creditors in the county of New York or none who desired the appointment of an administrator, we do not decide.

For the reasons above given, the order of the General Term and of the surrogate refusing to revoke the letters issued to the public administrator should be reversed, and an order made revoking and annulling such letters.

In regard to costs, we think they should be paid out of the estate, for the reason that the General Term and the surrogate both held that the letters were valid and should not be revoked, thus affording fair justification for this conduct on the part of the public administrator, and where, as in this case, his entire good faith is not questioned, it seems proper to make such a disposition of the costs of the proceeding. To that end leave is granted to the public administrator upon the appointment of

an administrator of this estate, to apply to him for the payment of the taxable costs of the proceeding.

All concur.

Ordered accordingly.