JOHN LIBBEY, Appellant, v. EMMA J. MASON, Respondent.

A contest in Surrogate's Court as to priority of right to administration,
arising upon presentation of a petition asking for an appointment as
administrator is a contest in a special proceeding, and when brought to
the General Term by appeal from the decision of the surrogate can only
result in an order.
The provision, therefore, of the Code of Civil Procedure (§ 2585), requiring
that on "appeal from a decree or an order of a Surrogate's Court * * *
the judgment or an order made thereupon must be entered," does not
require the entry of a judgment before an appeal to this court can be
taken from the decision of the General Term; but an appeal from its
order is proper.
The provision of said Code (§ 2662), requiring that upon presentation of a
petition asking for letters of administration "every person being a resi-
dent of the state who has a right to administration prior or equal to that
of the petitioner" must be cited, and making it discretionary with the
surrogate to issue a citation to non-residents, does not repeal the pro-
visions of the Revised Statutes (2 R. S. 73, § 27), fixing the priority of
right to administration, and such priority is not lost by the fact of resi-
dence in another state, if the person claiming it is a citizen of the United
States.
Where, therefore, a non-resident entitled to priority, although not cited,
appears before the issue of letters and presents his claim and stands upon
his right, the surrogate may not deny it.
*Libbey* v. *Mason* (42 Hun, 470), reversed.

(Argued January 22, 1889; decided March 5, 1889.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made December 14,
1886, which affirmed a decree of the Surrogate's Court of the
county of Kings granting letters of administration upon the
estate of Lydia C. Libbey, deceased, to Emma J. Mason,
respondent, and denying them to John Libbey, appellant.
(Reported below, 42 Hun, 470.)

The material facts are stated in the opinion.

*Chauncey B. Ripley* for appellant. The husband has the
prior and better right to administer under the provisions of
the Revised Statutes, and being a citizen of the United States,
such right is not impaired by his residence in the state of

Maine, notwithstanding section 2662 of the Code of Civil Procedure. (3 R. S. [7th ed.] 2290, §§ 27, 32; *In re Page*, 107 N. Y. 266, 270; *In re Williams*, 111 id. 680.) A party cannot enter a conditional order of court, which order contains provisions in the interest of all parties, and then avail himself of those provisions which he deems beneficial to himself, repudiating other provisions which he deems adverse. He waives his objections and consents to the whole order, in entering it and acting under it in part. (*Pickersgill* v. *Read*, 7 Hun, 636, 640.) It is too late if the objection were ever available to raise it now. (*Stevenson* v. *McNitt*, 27 How. 335; *Beach* v. *Gregory*, 2 Abb. Pr. 203, 210; *Pickersgill* v. *Read*, 7 Hun, 636, 640.) The objection that the appeal should have been from the judgment instead of the order of the General Term is untenable. (27 How. Pr. 335; 2 Abb. Pr. 203, 210; 7 Hun, 636, 640; *In re Page*, 107 N. Y. 266; *In re Williams*, 111 id. 680; Code of Civil Pro. §§ 2550, 3334, 3343, sub. 20; *Cole* v. *Terpenning*, 27 Hun, 112.)

*Nathaniel B. Cooke* for respondent. The granting of letters of administration by a Surrogate's Court is by a decree. (Code, §§ 2582, 2666.) Upon an appeal from such a determination or decree a judgment must be entered as upon an appeal from an inferior court. (Code, § 2585.) The surrogate had a discretion to grant letters to either petitioner. (Code of Civil Pro. § 2662.)

FINCH, J. On the 14th of February, 1886, Lydia C. Libbey, a resident of Brooklyn in this state, died leaving her surviving her husband, John Libbey, who resided in the state of Maine, and her daughter by a former husband, who is the respondent, Emma J. Mason. On the 11th of March following she presented to the surrogate of Kings county a petition asking to be appointed administratrix of her mother's estate. No citation to the non-resident husband was directed to be issued, but on the 15th day of March, 1886, and while the prior proceeding was pending and undetermined, he appeared before

the surrogate and presented his petition to be appointed administrator, and claiming priority of right. The two proceedings were then practically consolidated and heard together, and resulted in an order or decree granting letters to the daughter and denying them to the husband. From that order he appealed to the General Term, where it was affirmed with costs against the husband. That affirmance occurred in December of 1886, and the order was entered by the successful party and notice of that entry served upon the husband's attorney. Notice of taxation of costs was given for January sixth and adjourned from time to time until January twenty-seventh, on which day the attorney for Mrs. Mason failed to appear before the clerk, and notice of appeal from the order and decree of the surrogate was served by Libbey. Thereafter the costs were taxed but under an order made by the Special Term, requiring it to be done *nunc pro tunc*, and as of January twenty-seventh, the date of the appeal, and without prejudice to that appeal.

The appellant is now met by a motion to dismiss his appeal on the ground that it was prematurely taken. It is said that upon the decision of the General Term a judgment must be entered, and since this appeal was from its order it was premature and section 2585 of the Code is relied upon. The contest before the surrogate was in a special proceeding, which was brought to the General Term by an appeal, and could only terminate in an order. The section referred to speaks of the judgment or order and, perhaps, is somewhat confused, but does not alter the explicit definitions of the Code. There was no room for mistake as to the decision appealed from, and the appeal was not premature.

The court below has sustained the appointment of Mrs. Mason, in reliance upon section 2662 of the Code. We have already twice decided that no repeal of the priority of right dictated by the Revised Statutes was intended or effected by that section, and that such priority of right was not lost by the fact of residence in another state if the petitioner was a citizen of the United States. (*In re Page*,

107 N. Y. 266 ; *In re Williams*, 111 N. Y. 680.) A very excellent statement of the reasons for denying such repeal was given in the General Term opinion in the latter case. Section 27 of the Revised Statutes, which designates the order of administration and fixes the priority of right, imposes no condition of residence within the state. So much is conceded; but an effort has been made to argue out such a condition as inferentially imposed by other terms and provisions of the statute, and especially by those which relate to ancillary letters. That inference, however, is effectually rebutted by the terms of section 32 which dictates the persons to whom letters shall be refused, whatever may be their relation to the deceased. Among these is enumerated "a person not a citizen of the United States unless such person resides within this state." The plain inference and obvious meaning is that non-residence excludes only when the claimant is not a citizen of the United States; but where that citizenship exists the non-residence is immaterial, and has no effect upon the priority of right. The rule is not changed by section 2662 of the Code, which does not repeal by implication the right of priority given by the Revised Statutes. We so held in the *Matter of Page* (*supra*). That section gives to the surrogate a discretion to omit a citation to non-residents, although having a prior right. The only reason assigned is that, "in general, the delay which a citation in such a case would produce is unnecessary." Nevertheless, a judicious surrogate, armed with this destructive discretion, will rarely shut out the prior right of an American citizen living in a sister state, because some time is essential to give it recognition and protection. But it is upon the final clause of the section that the argument for repeal is mainly founded. That reads : "Where it is not necessary to cite any person, a decree, granting to the petitioner letters, may be made upon presentation of the petition." Doubtless, this clause was only intended to mean that, where the applicant had the first and paramount right, and none existed prior or equal to his, the surrogate might act at once, because citations to anyone would be needless. But this innocent meaning is carried

beyond its purpose by the phraseology employed, and has led to the logic that, since it is not necessary to cite a non-resident, whatever his priority of right, the surrogate may disregard that right, and it is thereby lost. That he may disregard it seems to be true ; that it is thereby lost, or ceases to exist, or has suffered a repeal, does not at all follow. It remains unchanged. The remedy for its enforcement has been modified, but the right itself has not been destroyed. The surrogate may act without a citation to the non-resident citizen, and disregard his right because he is not present to assert it. Whether the letters so issued, although regular under the Code, would stand against an application for their revocation by the non-resident citizen having the prior right, it is not necessary now to determine. But where, although not cited, the non-resident appears before the issue of letters, and presents his claim and stands upon his right, the surrogate may not deny it. In this case the omission to cite Libbey was immaterial, for he appeared and was heard in opposition to the claim of Mrs. Mason before any appointment whatever was made, and the question of priority of right was directly involved. The order appealed from both grants the application of the daughter and denies that of the husband. The surrogate was required to decide between the two. No statutory reasons for rejecting the husband's administration were given, and letters should have been awarded to him.

The order of the General Term and of the surrogate should be reversed and case remitted to surrogate, that letters may be issued to the husband, John Libbey, with costs personally against the petitioner, Mrs. Mason.

All concur.

Ordered accordingly.