(Surrogate's Court, Monroe County. September, 1903.)

1. LETTERS OF ADMINISTRATION—REVOCATION.

     A creditor procured letters of administration on an estate without notice to a nonresident brother of the intestate. Thereafter the brother petitioned for revocation of such letters under Code Civ. Proc. § 2685, subd. 1, on the ground that the administrator had become disqualified by the application of the nonresident having a prior right. *Held*, that the appointment should be revoked, and letters issued to the brother.

In the matter of the estate of William Tyers, deceased. Application to revoke letters of administration. Granted.

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. §§ 195, 230.

Hiram L. Barker, for creditor, Sarah L. Petch.

Wellington, Jones & Millard, for petitioner, John Tyers.

BENTON, S.　Letters of administration were granted upon the said estate to a creditor on September 2, 1903.　It appears that upon that same date, at about 10:30 o'clock, the petition of John Tyers, a brother and a nonresident of the state of New York, was presented to the surrogate, but was not filed in the office, nor was a bond presented or offered at that time; but presumably the said petitioner was perfecting his bond, or in search of bondsmen, at the time the letters were granted to the creditor.　Such letters were granted without knowledge that a nonresident brother had made application. The Code makes it discretionary with the surrogate as to whether or not a citation shall issue to nonresidents having a prior right to administer.　The practice of this county is to issue such letters to a resident without requiring service of a citation upon a nonresident, although he may have and does have a prior right; and the reason for this practice is that the estate may remain in the county, and be distributed under the laws of this state, and particularly in order that it may be held here to answer just demands of the creditors of the deceased thereon.　It is possible, and it has happened, that a nonresident representative will take the estate beyond the jurisdiction of the court; and it is exceedingly difficult under such circumstances to either enforce the demands of creditors, or of those having a right to share therein.　It is also true that nonresidence does not bar the right of a claimant to letters, provided he is by law entitled thereto.　As to this nonresident brother, this proceeding must be regarded as a nullity.　He was not a party to it, is not bound in any way by the appointment, and now makes application for letters under his right to them as given by the statute.　It is claimed that letters, however issued, cannot be revoked save under the provisions of section 2685 of the Code, and that none of those apply to this case.　The first cause for revocation under section 2685 is where the administrator was when letters were issued, or has since become, disqualified by law to act as such.　A person is disqualified when he is deprived of legal capacity, power, or right, "as a conviction of perjury disqualifies a man to be a witness."　I hold that the present administrator has become disqualified of her right to act as such by the application of the nonresident having a prior right, and that her letters must be revoked, and that, in any event, one having a right given by statute cannot be cut off from that right by a judicial act of which he has no notice, and in a proceeding to which he is not a party. The letters to the creditor must therefore be, and are, revoked, and letters ordered to issue to the claimant upon his filing the bond required by law.

Letters revoked.