the proportion of that which was allotted to the petitioner being collected by him on attaining his majority.

The petitioner asks for a commission to take the testimony of the burgomaster who was at the trial, and also of two persons who, it is claimed, heard the deceased acknowledge that he was the father of the petitioner. A decree of a foreign court having jurisdiction of the cause and of the parties is entitled to full credence here. Hilton v. Guyot, 159 U. S. 112, 16 Sup. Ct. 139, 40 L. Ed. 95. If obtained by fraud, or without jurisdiction, there are circumstances under which it may be assailed, but that must be by the party who has suffered by the fraud; but the petitioner here is the party who has benefited by the fraud, if any, and to permit statements of the burgomaster, or any one else, as to what took place at a trial held over 20 years ago, would be improper. Concerning the testimony of the other witnesses, as it does not appear that the same is competent, a commission should not issue to them.

Motion denied.

(56 Misc. Rep. 229.)

### In re CAMPBELL'S ESTATE.

(Surrogate's Court, Erie County. October, 1907.)

1. ADMINISTRATORS—REVOCATION OF LETTERS—GROUNDS.

Code Civ. Proc. § 2685, subd. 1, authorizing revocation of letters of administration of a person "incompetent or disqualified by law," refers to section 2661, forbidding the issuance of letters of administration to certain persons, and not to the effect of a subsequent application for letters by one having a prior right.

2. SAME.

Where the surrogate, by consent of all the parties to a proceeding therefor, has issued letters to a creditor, and the administrator has qualified, his letters will not be revoked because in the petition it was alleged that the decedent was older and his estate less than in fact they were; such erroneous statement not being "a false suggestion of a material fact" within Code Civ. Proc. § 2685, subd. 4, authorizing a revocation in such case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 193.]

Application for revocation of letters of administration on the estate of Robert M. Campbell, deceased. Application denied.

Kellogg & Baker, for petitioner.

George F. Schultz (Daniel J. Kenefick, of counsel), for administrator.

HART, S. The decedent had been a successful practicing physician and well-known resident of the city of Buffalo for a number of years. During the latter years of his life he had given up the practice of his profession and lived an isolated life in comparative obscurity. The intestate died at the city of Buffalo on May 27, 1907, after an illness of short duration, unattended by any of his relatives or former friends.

A petition for administration upon his estate was filed with this court on May 29th by Dr. Edw. N. Pfohl, who had attended the deceased during his last illness, praying that letters issue to him as a

creditor. At the time of the filing of the petition there appeared before me one Sammis, a nephew, residing in Canada, the petitioning creditor, two attorneys, one of whom had been intimate with the deceased, and the undertaker, also a creditor. An inquiry was had into the facts and circumstances; it appearing that the deceased left surviving him relatives in Canada and one brother in California. All parties present joined in the application asking the appointment of Dr. Pfohl, and letters of administration were issued to him without the issuance of a citation. The surrogate exercised the discretion vested in him by section 2663 of the Code of Civil Procedure and dispensed with the issuance of a citation to the nonresident relatives. Subsequently the administrator appeared voluntarily and made application for modification of his official bond on account of the discovery of assets in excess of the amount alleged in the original petition, and appraisers were appointed at his request; also, an order directing the publication of a notice to creditors.

A petition for the revocation of letters of administration was filed in the latter part of July, 1907, in behalf of the brother, a resident of California. Upon the return day of the citation issued thereon, the administrator appeared and by counsel opposed the application. The petitioner asserts that there was a false suggestion of material facts made to the surrogate in the petition for administration, within the meaning of subdivision 4, § 2685, of the Code of Civil Procedure, in that the age of James Campbell was stated therein to be 75 years, when in truth it was but 62, and in that the value of the estate was estimated in the petition at $15,000 and is in fact $45,000. I do not regard these discrepancies as at all material, and the fact that James Campbell was 13 years younger and the estate $30,000 greater would not have influenced my action in dispensing with citation to the nonresident relatives and awarding letters to Dr. Pfohl. The petitioner relies upon an interpretation of subdivision 1, § 2685, of the Code, citing Matter of Tyers, 41 Misc. Rep. 378, 84 N. Y. Supp. 934. The cases are readily distinguishable. In the case cited the nonresident brother was diligent and had presented a petition; and, presumably, while procuring his bond, a zealous creditor anticipated him and secured letters which were subsequently revoked for obvious reasons. The administrator in this estate had been regularly appointed, has qualified, and is administering the estate with full protection to all persons interested. He has given a surety bond of a responsible company which reserves joint control of the funds of the estate.

The phrase "incompetent or disqualified by law," as used in section 2685 of the Code, I believe refers to the provisions of section 2661 of the Code, and not to the question of prior right of a nonresident to administer.

The application of the petitioner for revocation of letters is therefore denied.