---

(123 App. Div. 212.)

### In re CAMPBELL'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. January 15, 1908.)

1. ADMINISTRATORS—RIGHT TO ADMINISTER—NONRESIDENTS.

   Code Civ. Proc. § 2660, provides that administration in case of intestacy shall be granted to the relatives of deceased, giving precedence to next of kin over creditors. Section 2662 authorizes a petition for administration by a person entitled to administer the estate, praying for letters either to

the petitioner or some other person entitled thereto, or in the alternative, and requires that petitioner prove the existence of all the jurisdictional facts, etc. Section 2661, defining those incompetent to receive letters, includes a person not a citizen of the United States unless he be a resident of the state. *Held*, that a nonresident next of kin who was a citizen of the United States was absolutely entitled to letters of administration on the intestate's estate as against one of intestate's creditors.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 65.]

2. SAME—NOTICE.

Code Civ. Proc. § 2663, provides that every person being a resident of the state who has a right to administration prior or equal to that of his petitioner, and who has not renounced, must be cited upon a petition for letters of administration, and that the surrogate may issue a citation to nonresidents or to any other persons interested whom he thinks proper to cite. *Held*, that the fact that a surrogate in his discretion omitted to require notice of a creditor's application for letters to be given to a nonresident next of kin did not deprive the latter of his prior right to administer the estate, and to have letters granted to such creditor revoked and new letters granted to him; the surrogate having no discretion to ignore the order of priority prescribed by section 2660, unless by reason of one of the grounds of incompetency specified in section 2661.

3. APPEAL—REVIEW—SURROGATE'S DECREE.

Under the express provisions of Code Civ. Proc. § 2586, on appeal from a surrogate's decision on the facts, the Appellate Court has the same power to determine the facts that the surrogate possessed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3935–3969.]

McLennan, P. J., and Robson, J., dissenting.

Appeal from Surrogate's Court, Erie County.

Petition by James Campbell for the revocation of letters of administration on the estate of Robert E. Campbell, deceased, granted to Edward N. Pfohl, a creditor. From an order denying the petition (107 N. Y. Supp. 591), petitioner appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Francis F. Baker, for appellant.
Daniel J. Kenefick, for respondent.

SPRING, J. Robert E. Campbell, a resident of the county of Erie, died intestate in the city of Buffalo on the 27th day of May, 1907. He left him surviving no widow, descendant, or parent, but a brother, the petitioner, who resides in the state of California, and nephews and nieces, none of whom reside in the state of New York. He left nearly $50,000 in personal property. On the 31st day of May letters of administration of the goods, etc., of the decedent were issued to Edward N. Pfohl upon his petition, and who was a creditor of the intestate to the extent of $200, and Pfohl is now administering the trust. No citation was issued in the proceeding, and the appellant did not know of the death of his brother until two weeks after it occurred, and he had no knowledge of the issue of letters until some time after they were granted. On the 12th day of July he caused his petition to be filed in the Surrogate's Court of Erie county, asking for the revocation of the letters already issued, and, after a hearing, the application was denied. Section 2660 of the Code of Civil Procedure provides:

"Administration in case of intestacy must be granted to the relatives of the deceased * * * who will accept the same, in the following order"—giving nine different specifications.

There is no distinction made in this section between resident and nonresident next of kin of the intestate. A similar provision was contained in the Revised Statutes, and it was held that the order of priority fixed in the statute was maintained, even though some of the next of kin be nonresidents of the state, if citizens of the United States (Matter of Page, 107 N. Y. 266, 270, 14 N. E. 193; In re Williams, 44 Hun, 67, affirmed 111 N. Y. 680, 19 N. E. 284), and there has been no change of the rule by the Code of Civil Procedure (Libbey v. Mason, 112 N. Y. 525, 20 N. E. 355, 2 L. R. A. 795). The court, in the case last cited, say (page 528 of 112 N. Y., page 356 of 20 N. E. [2 L. R. A. 795]):

"The plain inference and obvious meaning is that nonresidence excludes only when the claimant is not a citizen of the United States; but, where that citizenship exists, the nonresidence is immaterial, and has no effect upon the priority of right. The rule is not changed by section 2662 of the Code, which does not repeal by implication the right of priority given by the Revised Statutes."

And this principle is further supported by section 2661, which defines those incompetent to receive letters, including "a person not a citizen of the United States, unless he is a resident of the state." The appellant, therefore, within this imperative requirement of the Code, was first entitled to the issue of letters because he was the nearest relative of the intestate residing within the United States, unless there is some other provision modifying or nullifying this statute, which is the only one defining the order of priority of relatives to administration.

It is contended that the right of a nonresident next of kin may be wholly destroyed if the surrogate dispenses with citation to him; and this contention is founded upon section 2663 of the Code of Civil Procedure, which, so far as pertinent, is as follows:

"Every person, being a resident of the state, who has a right to administration, prior or equal to that of the petitioner, and who has not renounced, must be cited upon a petition for letters of administration. The surrogate may, in his discretion, issue a citation to non-residents, or those who have renounced, or to any or all other persons interested in the estate, whom he thinks proper to cite."

Where he dispenses with citation, a decree may be entered and letters issued. The authority to make the decree and issue letters was construed in Libbey v. Mason, supra, and the provision was then under section 2662 of the Code of Civil Procedure. The court used this language (page 528 of 112 N. Y., page 357 of 20 N. E. [2 L. R. A. 795]):

"Doubtless this clause was only intended to mean that where the applicant had the first and paramount right, and none existed prior or equal to his, the surrogate might act at once, because citations to any one would be useless. But this innocent meaning is carried beyond its purpose by the phraseology employed, and has led to the logic that since it is not necessary to cite a nonresident, whatever his priority of right, the surrogate may disregard that right, and it is thereby lost. That he may disregard it seems to be true. That it is thereby lost, or ceases to exist, or has suffered a repeal, does not

at all follow. It remains unchanged. The remedy for its enforcement has been modified, but the right itself has not been destroyed. The surrogate may act without a citation to the nonresident citizen, and disregard his right because he is not present to assert it. Whether the letters so issued, although regular under the Code, would stand against an application for their revocation by the nonresident citizen having the prior right, it is not necessary now to determine."

It will be observed that the court did not pass upon the precise question we are now considering, and yet the trend of the opinion is that the right to administer is not destroyed by the granting of letters where no citation has been issued, and there has been no renunciation or waiver. I think the issue of letters without issuing a citation to nonresident next of kin does not have the effect of absolutely cutting off their right to letters of administration. Rights in the nature of property rights may not be summarily disposed of without notice. The right of administration is one of this class. The commissions allowed for administering a large estate, the privilege of guarding and protecting property in which one may have a large interest, may make administration of the estate very important to the next of kin. Undoubtedly the discretion to dispense with citation by the surrogate is often very beneficial. In a small estate, where the next of kin are nonresidents, the surrogate can safely assume that they will never appear to assert their rights. If the estate is likely to be expended in the payment of debts or any other reason exists indicating that those first entitled will probably not desire to avail themselves of the right to administration, the surrogate may dispense with citation to them. This ex parte exercise of discretion as a matter of convenience, to their exclusion, does not destroy the right which the statute has vested in the next of kin. The letters issued are valid until revoked; but, if those of prior right and who are not disqualified and who have not waived or renounced appear and ask for the revocation of letters already issued, the surrogate is bound to grant the application. The priority of administration is regulated according to the pecuniary interest of those entitled to participate in the estate of the intestate, except that the widow is first entitled, even though her interest in her husband's estate may be less than that of the next of kin, and a like preference is accorded to a husband on the estate of his deceased wife. The language of section 2660 is:

"To the relatives of the decedent entitled to succeed to his personal property."

The surrogate has no discretion to ignore the order of priority unless by reason of one of the grounds of incompetency specified in the statute. Section 2661. Coope v. Lowerre, 1 Barb. Ch. 45; O'Brien v. Neubert, 3 Dem. 156; Matter of Wilson, 92 Hun, 318, 322, 36 N. Y. Supp. 882; 18 Cyc. 83. It is recognized as a right dependent upon the right to share in the personal estate. In fact, the order of priority is preserved so carefully that, where several persons are equally entitled to administer, the one to whom letters are issued may have a stranger join with him in the administration. Section 2660. In this way, even though he may not be able personally to obtain the necessary bond or may hesitate to assume alone the administration of a large estate,

he may still retain his right. Section 2685 in providing for the revocation of letters of administration includes among the cases where the administrator has become "disqualified by law to act as such"; the objection not having been taken when the letters were issued. Subdivision 1. It has been held to be a disqualification within this subdivision where one without a prior right applies for revocation. Matter of Tyers, 41 Misc. Rep. 378, 84 N. Y. Supp. 934. In this case the petitioner is entitled to one-fourth of this estate of $50,000, and is the one first entitled to the issue of letters. The respondent was appointed without any notice to him. Speedily upon learning of the death of his brother he made application to revoke the letters already issued, with a view of asserting his own right.

If I am in error in the position I have taken, I think the surrogate abused his discretion in not issuing citation. Again, the original petition filed estimates the value of the personal estate of the intestate at the sum of $15,000. Subsequent to the issue of letters to the respondent he ascertained that the property amounted to about $50,000, and another bond was given. It might be the surrogate would have required a citation to issue had he been apprised of the value of the property in the petition filed by the respondent. The exercise of his discretion in determining whether a citation shall issue must depend to a large degree upon the value of the estate. His statement in his opinion that he would not have been influenced by the fact is no sufficient answer. He was then seeking to justify his refusal to revoke. When the correct amount of the property was made known to him, he should have caused notice to be served on the appellant. Upon appeal from the decision of a surrogate on the facts, the Appellate Court has the same power to determine the facts which the surrogate possessed. Section 2586, Code Civ. Proc. A reasonable consideration of the rights of the next of kin required the revocation of the letters issued to the respondent.

Order of the surrogate should be reversed, with costs of both parties payable out of the estate.

Order reversed, with costs of both parties payable out of the estate. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.

ROBSON, J. (dissenting). It seems to be conceded that the person to whom the letters were issued is in every way properly qualified to faithfully perform the duties of his trust, and that his appointment was not procured by reason of any false suggestion of fact is also unquestioned.

The only question presented on this appeal is whether the surrogate should have revoked letters of administration concededly regularly granted to respondent, a creditor of deceased, on the application of appellant, a nonresident brother of deceased, made after such letters had been so granted, upon the single ground that appellant had by statute a prior right to such letters. The question now presented does not appear to have been directly decided by any court in any reported decision prior to that delivered by the surrogate in the case now before us. The only conclusion to be drawn from that fact would seem to be, however, that such an appointment is so clearly unassailable that

hitherto no litigant has had the temerity to assume the responsibility of attacking it. The right to administer upon the estate of a decedent is purely a creation of the statute. Formerly, as is matter of current historical knowledge, the designated legal machinery of the government itself had exclusive jurisdiction of the matter to the exclusion of even the nearest relatives of the deceased. The right to administration has long been, and is now, fixed by statute, which enumerates specifically the persons, or classes of persons, who are entitled to administration in the order of priority of such right. Section 2660, Code Civ. Proc. But this statutory right is not absolute, nor is it exclusive. It cannot be properly classed as in the nature of a property right. The appointment when made does not endow the representative in his capacity as an individual with any interest in the estate. Even his right to commissions is dependent upon allowance by the Surrogate's Court, and is not fixed until it is thus established. It is simply a right prior, or superior, to that of an individual, or individuals, of a subordinate class, provided that right is timely asserted. Any person belonging to any one of the classes designated in the statute may apply for letters of administration upon an intestate's estate. But, before letters are issued to such an applicant, citation must be issued and served as prescribed in section 2663, if there be any person who has a prior or equal right to letters. On the return of such citation, unless cause be shown why letters should not be granted to the petitioner, either by reason of the application therefor of some person, who has a prior right thereto, or some other valid reason, letters are granted to the petitioner as a matter of course. The issue and service of citation does not deprive any one of a right, nor does it endow the petitioner with any greater right to letters than he had before it was issued. Its sole purpose is to notify those having a prior right to letters that letters will be granted to the petitioner, having a right thereto subsequent, or equal to that of the persons cited, unless some reason, such as I have indicated, shall be made to appear to the surrogate on the return of the citation. But even the right to require such notice is not accorded to every person who has by statute a right to letters superior to that of petitioner, for the surrogate may in his discretion dispense with the issue and service of citation on a nonresident, who would otherwise be entitled to such notice simply because he is a nonresident. If issue and service of citation be legally dispensed with, I cannot see that the result would be different from that which follows the actual issue and service of citation in a case where such issue and service is required. In either case the proceedings must be of equal regularity. No one would for a moment assert that if a citation had been served on a person belonging to a class to which the statute accords priority of right to administration, and he had not availed himself of the opportunity to insist on the recognition of that prior right, he could thereafter advance his claim to priority and demand the revocation of letters issued in that proceeding to a person who based his claim to letters upon the fact that he was entitled thereto in default of appointment of a person whose right was superior to that of the applicant. But the purpose of such citation is simply, as has been already said, to give notice required by statute to the persons who are named therein.

If no notice is required, or is regularly dispensed with, it would seem none need be given. Since the amendment of 1880 notice to nonresidents may be dispensed with. The surrogate did not abuse his discretion in dispensing with service of citation upon the nonresident appellant. It is suggested that the statute was intended to endow the surrogate with this discretionary power only in case the estate was small, and the question who should act in its administration unimportant. No such distinction appears in the letter, nor, as I conceive, in the spirit, of the statute.

Service of citation on appellant was duly and legally dispensed with by the surrogate's direction, and, he not having appeared to assert his right to letters until after respondent had been regularly appointed, I fail to see upon what ground, on other than one or more of those specified in section 2685 of the Code, no one of which appears in this case, his appointment can be disturbed.

The order should be affirmed.