Cullen, Ch. J., Gray, Vann, Werner, Willard Bartlett and Chase, JJ., concur.

Judgment of conviction affirmed.

---

In the Matter of the Administration of the Estate of Robert E. Campbell, Deceased.

Edwin N. Pfohl, as Administrator, Appellant; James Campbell, Respondent.

1. Executors and Administrators — Persons Entitled to Letters of Administration upon the Estate of an Intestate — Right to Letters Not Affected by Fact That Person Entitled Thereto Is a Non-resident of the State. Under the statute (Code Civ. Pro. § 2660) letters of administration upon the estate of an intestate must be granted to the relatives of the deceased in the order of priority named in the statute, unless the person or persons entitled thereto are incompetent to receive letters for the causes stated in section 2661, and if there is no relative, or next of kin, entitled to letters, they may be granted to a creditor of the deceased. The right to letters of administration is not affected by the fact that the persons enumerated in the statute, or some of them, are non-residents of the state, and when a non-resident is entitled to administer the estate of an intestate as a matter of right, and he is without fault on his part, the right cannot be taken from him without notice.

2. Same — Prior Right of Non-resident of State to Letters of Administration Cannot Be Cut off Without Notice to or Acquiescence by Him — Code Civ. Pro. § 2663. The discretion reposed in a surrogate by section 2663 of the Code of Civil Procedure to omit to issue a citation to non-residents of the state upon an application for letters of administration upon the estate of a decedent, was not intended to give the surrogate the power in his discretion to wholly cut off the right of such a non-resident to letters of administration without notice to or acquiescence by him, where he would have been entitled to priority under the provisions of section 2660 of such Code. If a surrogate exercising such discretion grants letters of administration to a person of inferior right without notice to a non-resident of superior right, such appointment is regular so

long as it remains unrevoked, but it is at all times subject to the right of the non-resident, on proper application, to an appointment superseding the first appointment, providing such non-resident by laches or otherwise has not waived his right thereto.

· *Matter of Campbell,* 123 App. Div. 212, affirmed.

(Argued May 19, 1908; decided June 12, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 10, 1908, which reversed an order of the Erie County Surrogate's Court denying a petition for the revocation of letters of administration previously granted upon the estate of the deceased, and for the award of letters to the petitioners and granted such petition.

Robert E. Campbell, a resident of Erie county in this state, died intestate at Buffalo, May 27th, 1907. He did not leave him surviving a widow, descendant, father or mother. His next of kin are a brother residing in East Oakland, California, a citizen of the United States, aged sixty-two years; a brother residing in Peterborough, Canada, and several nephews and nieces and grandnephews and grandnieces, the children of deceased brothers and sisters respectively, and of deceased children of deceased brothers and sisters respectively. All of such nephews and nieces reside in Canada, except one resides in Michigan and one or more in Ohio. The intestate died possessed of personal property consisting of cash on deposit in banks at Buffalo amounting to forty-five thousand dollars. On the day following the intestate's death, the appellant filed a petition in the Surrogate's Court praying that letters of administration be granted to him, and in the petition he stated the names of the intestate's next of kin so far as he was then able to ascertain them. He also stated in the petition that the intestate's brother in California was seventy-five years of age and that the personal property of which the intestate died possessed did not exceed fifteen thousand dollars, and that he was a creditor of the deceased for services rendered to him as a physician in his lifetime to the extent of two hundred dollars. Letters of administration

were granted to the appellant May 31, 1907, without issuing a citation. Upon the death of the intestate a telegram was sent by a person who had acted for the intestate as his attorney to a niece of the intestate in Canada, and one of the intestate's nephews, a brother of the niece to whom the telegram was sent, attended the funeral and was present on that day when the letters of administration were granted to the appellant. The other next of kin of the intestate did not at the time of the funeral and of the application for letters of administration by the appellant know of the intestate's death or that said application was made. The erroneous statements in the appellant's petition were not intentional, and as soon as the appellant ascertained that he had erroneously stated the age of the intestate's brother and the amount of the personal property of which the intestate died possessed he notified the surrogate and thereupon gave a further bond commensurate with the true amount of such property to come into his hands as administrator. As soon as the respondent ascertained that his brother, the intestate, was dead, he came to Buffalo and presented the petition herein to the Surrogate's Court, July 12, 1907. No person claiming to be a creditor of the intestate has been ascertained other than the appellant and one other person who has an assigned claim of four dollars and fifty cents. The person who conducted the funeral and burial of the deceased has a claim therefor. The surrogate denied the petition of the respondent. From the order entered thereon an appeal was taken to the Appellate Division, where the order was reversed and the prayer of the petition granted. From such order of reversal an appeal is taken to this court.

*Daniel J. Kenefick* and *George F. Schultz* for appellant. The respondent being a non-resident of the state had no absolute right to administer the estate in preference to a resident creditor. (*Libbey* v *Mason*, 112 N. Y. 525; *Matter of Tyres*, 41 Misc. Rep. 378.) As the surrogate had the power to appoint the appellant as administrator, no legal cause was

shown calling for the revocation of his appointment. (*Emerson* v. *Bowers*, 14 N. Y. 449; Redf. on Surr. Pr. [6th ed.] §429; *Ehlen* v. *Ehlen*, 64 Md. 360.)

*Francis F Baker* and *Ralph A. Kellogg* for respondent. There being no widow children, father or mother and only two brothers, one of whom was a citizen of Great Britain, the other brother, the respondent, who is a citizen of the United States, though not a resident of this state, has the first right to administration. (Code Civ. Pro. §§ 2660, 2661.) The fact that the respondent does not reside in this State does not disqualify him or in any manner affect his right. (Code Civ. Pro. § 2661; *Libbey* v. *Mason*, 112 N. Y. 525; *O'Brien* v. *Neubert*, 3 Den. 156; *Matter of Williams*, 44 Hun, 67; *Matter of Page*, 107 N. Y. 266.) The right to administration is absolute and beyond the power of the surrogate to abrogate or limit in any manner. (Code Civ. Pro. §§ 2660, 2663; Jessup's Surr. Pr. [2d ed.] 685, 686; *Libbey* v. *Mason*, 112 N. Y. 525.) The appointment of Pfohl, the creditor, when the appellant had the positive and superior right and had not waived or renounced, was unauthorized and void. (*Libbey* v. *Mason*, 112 N. Y. 525.) The appointment of a creditor having been void the surrogate had power, and it was his positive duty to revoke that appointment and grant administration to the appellant upon his applying therefor and establishing his prior right thereto. (Code Civ. Pro. §§ 724, 1290, 2481, 2538; *Vreedenburgh* v. *Calf* 9 Paige Ch. 129, *Matter of Underhill*, 2 Silv. 541, *Matter of Vreedenburgh*, 117 N. Y. 471; *Booth* v. *Kitchen*, 7 Hun, 260, *Pew* v. *Hastings*, 1 Barb. Ch. 452; *Matter of Thomas*, 33 Misc. Rep. 729, *Matter of Gilman*, 7 N. Y. S. R. 321, *Tooker* v. *Ball*, 1 Dem. 52; *Matter of Travers*, 9 Misc. Rep. 621, *Public Admr.* v. *Peters*, 1. Bradf. Sur. 100.)

CHASE, J. The right to administer upon the estate of an intestate has in this state always been conferred by statute upon persons interested in the estate. Priority of right is

based primarily upon nearness of relationship and extent of interest. Such statutes are in accordance with natural justice and they are also based upon the assumption that ties of marriage and consanguinity and the effect of personal interest will lead the persons enumerated in the statute in the order named to exercise care and attention in the management of the estate. The present statute relating to those entitled to letters of administration (Code Civil Procedure, sec. 2660) provides: " Administration in case of intestacy must be granted to the relatives of the deceased entitled to succeed to his personal property, who will accept the same, in the following order." The order of priority is therein prescribed and so far as it applies in this case, the surviving brothers of the intestate are the first in priority. This section shows how those interested in the distribution of the estate are preferred to others by providing that when a person entitled is a minor, administration must be granted to his guardian in preference to creditors or other persons. " If no relative, or guardian of a minor relative, will accept the same, the letters must be granted to the creditors of the deceased." The statute gives priority to those entitled to administration as a matter of right. It cannot be withheld except for reasons stated in section 2661. The right is not affected by the fact that the persons so enumerated, or some of them, are non-residents of the state. (*Matter of Page*, 107 N. Y. 266; *Libbey* v. *Mason*, 112 N. Y. 525.)

Prior to the provisions of the Code of Civil Procedure as enacted in 1880, the surrogate was required on an application for letters of administration to issue a citation to all persons having an equal or prior right to the petitioner to such letters even if such persons or some of them were non-residents of the state. The present section 2663 of the Code of Civil Procedure provides: " Every person, being a resident of the state, who has a right to administration, prior or equal to that of the petitioner, and who has not renounced, must be cited upon a petition for letters of administration. The surrogate may, in his discretion, issue a citation to non-residents, or those

who have renounced, or to any or all other persons interested in the estate, whom he thinks proper to cite. * * *."

This section of the Code, so far as it gives the surrogate a discretion in regard to issuing a citation to non-residents having an equal or prior right to the petitioner to such letters was new in 1880. The purpose of conferring such discretion was to avoid delay in administration when in the judgment of the surrogate it is unnecessary.

In *Libbey* v. *Mason* (*supra*) a daughter of an intestate presented to a surrogate a petition asking to be appointed administratrix of her mother's estate. While the application was pending the late husband of the intestate, a non-resident of the state, appeared and presented his petition for appointment as administrator, claiming priority of right. The surrogate granted letters of administration to the daughter and denied the application of the husband. The order was affirmed at the General Term, but reversed in this court. The court say: "The court below has sustained the appointment of Mrs. Mason in reliance upon section 2662 (now 2663) of the Code. We have already twice decided that no repeal of the priority of right dictated by the Revised Statutes was intended or effected by that section, and that such priority of right was not lost by the fact of residence in another state if the petitioner was a citizen of the United States. (*In re Page*, 107 N. Y. 266; *In re Williams*, 111 N. Y. 680.) * * * The plain inference and obvious meaning is that a non-residence excludes only when the claimant is not a citizen of the United States; but where that citizenship exists the non-residence is immaterial and has no effect upon the priority of right. * * ."

The court then refers to the discretion vested in the surrogate to omit a citation to non-residents and further say: "Nevertheless a judicious surrogate, armed with this destructive discretion, will rarely shut out the prior right of an American citizen living in a sister state, because some time is essential to give it recognition and protection. But it is upon the final clause of the section that the argument for

repeal is mainly founded. That reads: 'Where it is not necessary to cite any person a decree, granting to the petitioner letters, may be made upon presentation of the petition.' Doubtless this clause was only intended to mean that, where the applicant had the first and paramount right, and none existed prior or equal to his, the surrogate might act at once, because citations to any one would be needless. But this innocent meaning is carried beyond its purpose by the phraseology employed and has led to the logic that since it is not necessary to cite a non-resident whatever his priority of right the surrogate may disregard that right and it is thereby lost. That he may disregard it seems to be true; that it is thereby lost, or ceases to exist or has suffered a repeal does not at all follow. It remains unchanged. The remedy for its enforcement has been modified but the right itself has not been destroyed. The surrogate may act without a citation to the non-resident citizen and disregard his right because he is not present to assert it. Whether the letters so issued although regular under the Code would stand against an application for their revocation by the non-resident citizen having the prior right it is not necessary now to determine."

When a non-resident is entitled to administer the estate of an intestate as a matter of right, and he is without fault on his part the right cannot be taken away from him without notice. (*Matter of Tyers*, 41 Misc. Rep. 378.) If a surrogate exercising the discretion reposed in him by said section 2663 grants letters of administration to a person of inferior right without notice to a non-resident of superior right such appointment is regular so long as it remains unrevoked, but it is at all times subject to the right of the non-resident on proper application to an appointment superseding the first appointment providing such non-resident by laches or otherwise has not waived his right thereto. If the claim of the appellant should be sustained it might result in many instances in an effort to keep all knowledge of the death of a person dying without a will from non-resident relatives until letters of administration had been granted, or in an unseemly race to the surrogate's office

and an exaggerated statement of conditions in *ex parte* proceedings to avoid notice being given to such non-residents.

We think that as the right to administer upon the estate of an intestate is a vested right, that it was never intended that surrogates should be given the power in their discretion to wholly cut off such right without notice to or acquiescence by the person so entitled to administer the estate.

The order should be affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WERNER and WILLARD BARTLETT, JJ., concur; HISCOCK, J., dissents.

Order affirmed.