In the Matter of the Probate of the Will of TIMOTHY J. MURPHY, Deceased. JULIA A. MURPHY, Appellant; FRANCIS J. MULLIGAN, as Public Administrator of the County of New York, et al., Respondents.

First Department, March 13, 1951.

*Edward R. Loomie* of counsel (*Loomie, Petersen & Barbour,* attorneys), for appellant.

*Joseph T. Arenson* of counsel (*Joseph A. Cox,* attorney), for Public Administrator of the County of New York, respondent.

*Per Curiam.* This appeal involves a question as to the right of priority to appointment as administrator with the will annexed of the estate of Timothy J. Murphy, deceased. The order of priority is to be determined between the petitioner-appellant, who is a sister of the decedent, and the Public Administrator.

Timothy J. Murphy died leaving a will in which he named his wife, Adelaide, as sole beneficiary and appointed her as his executrix. Adelaide died two months after Timothy, leaving a will naming a corporate trust company as her executor and designating the petitioner-appellant, Julia A. Murphy, as one of her legatees. The trust company has declined appointment as administrator *c. t. a.* of the estate of Timothy J. Murphy, and all of Timothy's next of kin have consented to Julia's appointment as such. Nevertheless, the Surrogate designated the Public Administrator.

We deem this improper, as we consider that the petitioner is one of the persons included in the term " next of kin " as used in subdivision 4 of section 133 of the Surrogate's Court Act. Thus, she has the right of priority over the Public Administrator, who is referred to in subdivision 5 of the section.

The circumstance that Timothy bequeathed his entire estate to Adelaide or that the petition for probate of Timothy's will showed that his estate would probably be less than $10,000 would not affect the petitioner's right to appointment as administratrix c. t. a.

We think that " next of kin " in subdivision 4 of section 133 of the Surrogate's Court Act means one who would be a distributee in the event of intestacy. The fact that the petitioner might not actually share in Timothy's estate because his will left everything to the widow, or that she would not actually take in intestacy due to the widow's right if the total estate was less than $10,000 (Decedent Estate Law, § 83), would not make her any less a " next of kin " within the meaning of the statute aforesaid (*Matter of D'Adamo*, 212 N. Y. 214).

The statute with respect to priority of appointment is mandatory (*Matter of Campbell*, 192 N. Y. 312, 316), and it is the status of the petitioner as " next of kin " that affords her the right to letters of administration with the will annexed in this case.

The decree appealed from should be reversed and the petitioner's application granted, with costs to all parties appearing herein and filing briefs, payable out of the estate.

Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur.

Decree, so far as appealed from, unanimously reversed and petitioner's application granted, with costs to all parties appearing herein and filing briefs, payable out of the estate.

Settle order on notice.