OPINION OF THE COURT
Raymond C. Baratta, J.
As a result of an automobile-train accident, the above-named infants died on March 30, 1978. Subsequently, their *1037 father, Hans Bernich, petitioned this court for limited letters of administration and an order was filed appointing him as such to prosecute a cause of action arising from this accident in which the mother of the decedent infants was also a victim. Hans Bernich claimed thereafter that as a result of his being the administrator of the estate of the mother of the decedents, a conflict arose between his duties as administrator of the estates of the infants and their mother. Hans then petitioned this court to appoint the County Commissioner of Finance as administrator, d. b. n. As a result of said petition, M. Philip Amodeo was so appointed.
A petition has now been presented to this court by Karl Bernich, the grandfather of both infant decedents, for an order removing M. Philip Amodeo, Commissioner of Finance of Dutchess County, as administrator of these estates, and substituting himself as administrator d. b. n. Attached to the petitions are the acknowledged consents of Hans Bernich, father of the decedents, consenting to the issuance of letters as requested to Karl Bernich. Hans Bernich is the sole distributee in each estate and an eligible person to be appointed administrator in his own right.
SCPA 1001 (subd 6) provides that letters of administration may be granted to an eligible person who is not a distributee upon the acknowledged and filed consents of all distributees.
Hans now contends that the estates would be "best served by having the personal involvement that a family member would bring to any potential action”, and for other reasons that were adduced at the hearing before this court.
The current administrator d. b. n. contends he has a prior right to letters than that of the petitioner, and further, that the party sought to be substituted may have the same or similar potential conflicts that caused Hans to renounce his letters.
As stated earlier, SCPA 1001 (subd 6) permits all distributees to consent to the appointment of an eligible nondistributee. This is certainly the situation here. Hans in the first instance, or after deciding to renounce, could have consented to the appointment of Karl (the grandfather) pursuant to this section. Such a selection would have priority to any application by the chief fiscal officer of the county pursuant to SCPA 1001 (subd 8).
Additionally, if there is any eligible person entitled to share in decedent’s estate who will accept the appointment, the *1038 public administrator or the chief fiscal officer of the county has no rights. (Matter of Page, 107 NY 266; 2 Warren’s Heaton, Surrogate’s Courts [6th ed], § 152, par 10 [c].) As a result, it could also be said that if there is any person entitled to share in a decedent’s estate and all persons so eligible consent to the appointment of a nondistributee, then the public administrator or the chief fiscal officer of the county also has no prior rights, in such a situation, to letters.
SCPA 1001 (subd 8) creates a secondary order of priority where "by reason of ineligibility or failure to obtain consent from distributees, or failure or refusal to accept appointment by eligible distributees, letters cannot be issued under the preceding provisions [of SCPA 1001]”. (10A Cox-Arenson-Medina, NY Civ Prac, SCPA, par 1001.65.)
The court finds from the facts presented in the pleadings and as established at the hearing, that the proceedings in these estates are not that far along that a substitution would cause substantial prejudice to the estates or hinder their administration.
The Commissioner of Finance and the attorneys retained by him should be compensated for the services performed by them for this estate. At the conclusions of the estates the parties can present to this court claims for reasonable fees arid commissions based upon the work performed.
Therefore, this court will grant the petitions of Karl Bernich in the estate of each infant.