OPINION OF THE COURT
John B. Riordan, S.
This case involves the construction of Surrogate’s Court Procedure Act § 1001 (1) (f).
*67 The decedent, Durrell Pearsall, died intestate, survived by five cousins on the maternal side and one cousin on the paternal side. Pursuant to EPTL 4-1.1 (a) (6) the five maternal cousins receive 50% of the estate in the aggregate and the paternal cousin receives 50%.
Each of the five maternal cousins consented to the appointment of the Public Administrator. Temporary letters of administration issued to the Public Administrator on December 19, 2001. Citation issued to Nina Barnes, the distributee on the paternal side, to show cause why permanent letters of administration should not issue to the Public Administrator.
Nina Barnes filed a cross petition for letters of administration to which the Public Administrator filed objections. Jennifer Gregoline, a cousin on the maternal side, filed a second cross petition.
Pursuant to a stipulation dated December 19, 2001, the temporary letters of administration which issued to the Public Administrator were revoked and joint letters of temporary administration issued to Nina Barnes and Jennifer Gregoline. The Public Administrator withdrew her petition for letters of administration and her objections to the cross petition of Nina Barnes.
The stipulation resolved any issues regarding the status of the parties as distributees of the estate. It was agreed that all parties are first cousins of the decedent and that none are disqualified to serve as administrator under SCPA 707. The stipulation preserved the issue of the interpretation of SCPA 1001 (1) (f).
Nina Barnes contends that she is entitled to letters of administration, as a matter of law, as the distributee having the single largest interest in the estate. Jennifer Gregoline contends that SCPA 1001 (1) (f) does not require that letters of administration issue to the distributee having the largest share but instead leaves the decision to the discretion of the Surrogate under SCPA 1001 (1) (f) (i).
SCPA 1001 provides in part:
“1. Letters of administration must be granted to the persons who are distributees of an intestate and who are eligible and qualify, in the following order
“(a) the surviving spouse,
“(b) the children,
“(c) the grandchildren,
*68 “(d) the father or mother,
“(e) the brothers or sisters,
“(f) any other persons who are distributees and who " are eligible and qualify, preference being given to the person entitled to the largest share in the estate, except as hereinafter provided:
“(i) Where there are eligible distributees equally entitled to administer the court may grant letters of administration to one or more of such persons.”
The question presented is whether the preference given to the person having the largest share is mandatory or qualified by SCPA 1001 (1) (f) (i).
The primary consideration in the construction of statutes is to ascertain and give effect to the intention of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes § 92). The universal rule which is the foundation of the statutes governing letters of administration is that administration should be given to those who are eventually entitled to the property (Woerner, American Law of Administration § 242 [3d ed]). The priority of administration is regulated by statute according to the pecuniary interests of those entitled to participate in the estate (Matter of Campbell, 123 App Div 212, affd 192 NY 312).
Major revisions were made in 1914 to the Code of Civil Procedure. The Legislature revised section 2660 and enacted section 2588 (L 1914, ch 443). The general intention of the revision was to give only persons interested in the estate the right to letters of administration (Matter of Murphy, 304 NY 232; Matter of Kassam, 141 Misc 366, affd 235 App Div 609).
The rule that administration should be given to those eventually entitled to the estate is supplemented by the corollary rule that the right of administration should go to that person who has the greatest interest in the distribution of the estate (2 Heaton, Surrogates’ Courts, % 136, § 4 [Myers 5th ed 1929]).
The statutory provision which gives a preference for the “largest share” first appeared in section 2588 of the Code of Civil Procedure. The predecessor statute, section 2660, provided that letters of administration issue “to any other next of kin entitled to share in the distribution of the estate” (Code Civ Pro § 2660 [8]). In cases predating section 2588, the courts favored the distributee “entitled to the surplus of * * * [the] estate” (Sweezey v Willis, 1 Bradf Sur 495, 497; Redfield’s Law & Practice of Surrogate’s Courts § 343 [7th ed]).
Code of Civil Procedure § 2588 (8) created a preference, as a matter of law, for the distributee, outside the order of priority, *69 having the largest share of the estate. The preference was mandatory and the effect was to establish an order of priority within the class (2 Heaton, Surrogates’ Courts, 136, § 4 [Myers 5th ed 1929]). SCPA 1001 (1) (f) should be read to be mandatory as well.
Contrary to the interpretation urged by petitioner, SCPA 1001 (1) (f) is not qualified by SCPA 1001 (1) (f) (i) where one distributee has the largest interest in the estate. Under SCPA 1001 (1) (f) (i) the surrogate has discretion to select an administrator where there are eligible distributees “equally entitled.” However, they are not “equally entitled” where one receives a larger share than the other (SCPA 1001 [1] [f]).
Prior to the 1992 change to the law of descent and distribution it was not possible for a distributee in an equal degree of kinship to receive less than another distributee of an equal degree which is what has occurred here. The 1992 amendment to EPTL 4-1.1 (L 1992, ch 595, § 8) deleted former EPTL 4-1.1 (b), which had provided “[i]f distributees are in equal degree of kinship to [the decedent], their shares are equal.” This deletion was required in order to give effect to the simultaneous addition to the statute of a provision creating an equal division of an estate between the paternal and maternal sides where a decedent is survived only by grandparents or the issue of grandparents (the distributees here all being issue of grandparents or cousins) (EPTL 4-1.1 [a] [6]). Whether the Legislature took into consideration the effect this change would have on the priority to letters of administration under SCPA 1001 is conjectural only. Any change to address this situation would, of course, have to come from the Legislature,
The court finds that Nina Barnes has priority to receive letters of administration in this estate and accordingly letters of administration will issue to her upon qualifying according to law.